Merrimack, }
Dec., 1897. }

FARNUM v. CONCORD LAND AND WATER POWER CO.

Counts in case and assumpsit for different causes of action not dependent upon substantially the same evidence cannot be joined; but a verdict for the plaintiff upon one count will not be disturbed for misjoinder if it appears that the defendant upon the trial was not prejudiced thereby.

One who maintains a curbing over a spring on land of another, by virtue of a license to his grantor, is bound to keep it in a reasonably safe condition.

CASE, for negligence in not keeping in repair the covering or curb over a spring, whereby the plaintiff's cow was injured, with a count in assumpsit for the use of water from the spring. Subject to exception, the defendants' demurrer on the ground of a misjoinder of counts was overruled. Evidence was introduced by the plaintiff on both counts.

Prior to 1883, B. L. Larkin, by the plaintiff's license, placed a box, covered with boards, in a spring on the plaintiff's land and conducted the water to his adjoining premises. In 1883, he conveyed the premises to another who, in 1892, conveyed them to the defendants. The spring furnished water to the Larkin premises all the time to August, 1894, and afterward. The defendants kept the aqueduct in repair and several times " fixed " about the box which covered and protected the spring. The court held that Larkin was bound to keep the box in a reasonably safe condition; that since the defendants, after their purchase of the premises, received the water as Larkin had received it and made repairs upon the aqueduct and about the spring, they must be regarded as holding under a license as Larkin did, and subject to the same duty to keep the box in a reasonably safe condition. They neglected to keep a proper cover on the box, and allowed it to become rotten and insufficient. The injury to the plaintiff's cow was due to their negligence in this

respect. The court found a verdict for the plaintiff on the first count and for the defendants on the second. The defendants excepted.

*Albin, Martin & Howe*, for the plaintiff.

*Streeter, Walker & Hollis*, for the defendants.

CARPENTER, C. J. The court have never gone further than the holding that different forms of action may be joined when they are for the same cause. *Metcalf* v. *Gilmore*, 59 N. H. 417, 433; *Rutherford* v. *Whitcher*, 60 N. H. 110; *Brooks* v. *Howison*, 63 N. H. 382, 389; *Crawford* v. *Parsons*, 63 N. H. 438. If there may be cases where different causes depend upon the same or substantially the same evidence and so may be conveniently tried in one suit, this is not such a case. Little or no evidence competent on the count in case would be competent on that of assumpsit. The demurrer should have been sustained, and the plaintiff permitted to amend by striking out one of the counts.

But it may be that the error was in fact entirely harmless; it may be that directly after the commencement of the trial the plaintiff practically abandoned the second count, and that the merits of the first count were as fully and fairly tried as they could have been· had it been the only count in the writ. If by the joinder of the two counts the defendants were not prejudiced in the trial upon the first count, they were not harmed, and the verdict upon that count should stand. In that event, indeed, the error operates to the advantage of the defendants. They are entitled to judgment on the second count; whereas, had the demurrer been sustained and the second count stricken out, the plaintiff would be at liberty to bring a new action for the use of the spring. If the plaintiff procures an amendment.of the case showing that the defendants were not prejudiced by the error, the exception will be overruled.

It is found as a fact that the defendants received the water as Larkin had received it — that is to say, by virtue of a license from the plaintiff. From this finding it follows as a conclusion of law that they were bound to keep the box and cover in a reasonably safe condition.

*Case discharged.*

PIKE, J., did not sit: the others concurred.