Carroll,
Jan. 6, 1905.

MELOON v. READ & a.

Where an action of trespass *quare clausum* against one defendant is joined with an action of trover against two, any error in the joinder as a matter of pleading is waived by a failure to object to it upon that ground.

The question whether an action shall be tried by itself or in connection with another is one determinable by the trial court.

Where the evidence in an action of trover warrants the finding that the plaintiff's property was converted by one defendant at the instance of his employer, who is joined in the suit, the latter is not entitled to an instruction limiting his liability to nominal damages only.

In trover, the measure of damages is, in general, the value of the property at the date of conversion.

No exception lies to the denial of a requested instruction which merely necessitates the negative statement of a proposition which has been correctly and positively presented.

Whether a verdict should be set aside on the ground of excessive damages, is a question of fact determinable by the trial court.

ACTION, against Milton Read and Fred Nelson, to recover the value of logs cut by the latter on the plaintiff's land. The declaration contains a count in trespass *quare clausum et de bonis* and one in trover. Trial by jury and verdicts for the plaintiff, against Read on the count in trover and against Nelson on the count in trespass. Transferred from the June term, 1904, of the superior court by *Stone*, J.

A verdict had been ordered for Read on the count in trespass at a former trial. Before this trial began, he seasonably moved for a separate trial, on the ground that the action was in fact an

action of trover against both defendants joined with one in trespass against Nelson, and that he ought not to be compelled to try the action in which he and Nelson were joint defendants with an action of trespass against Nelson alone. The motion was denied, subject to Read's exception. At the close of the evidence a verdict was ordered for Read on the count in trespass and for Nelson on the count in trover.

Read owned woodland which adjoined the plaintiff's close, and employed Nelson to remove the timber. While doing this, Nelson cut the logs in controversy. As soon as he discovered his mistake he telephoned to Read, who, he said, directed him to haul the logs out. Read said he gave no instructions, except to keep his timber separate from the plaintiff's logs. The court instructed the jury, in substance, that if Read did not direct Nelson to haul the plaintiff's logs out, or to do anything else to them except to keep them separate, their verdict would be for him; but if he directed Nelson to haul them out for the purpose of exercising a dominion over them inconsistent with the plaintiff's rights, their verdict would be for the plaintiff. Read requested the following instructions: (1) That a verdict be returned in his favor; (2) that he was liable for nominal damages only; (3) that if he instructed Nelson to haul the logs out, or (4) advised him to do so, that would not constitute a conversion of them. The court refused to give these instructions and denied Read's motion to set the verdict aside because the damages were excessive, and to these rulings Read excepted.

*Josiah H. Hobbs*, for the plaintiff.

*Arthur O. Fuller*, for Read.

*Arthur L. Foote*, for Nelson.

PARSONS, C. J. If the court set aside Read's verdict before proceeding with this trial,—as might have been done if it appeared justice required that the whole case should be tried *de novo*,—the only question raised by Read's exception to the denial of his motion for a separate trial is whether he had a right to one as a matter of law, because of the verdict for him on the count in trespass ordered at the first trial. The counts in the declaration were properly joined (*Farnum* v. *Company*, 69 N. H. 231), and charged Read and Nelson with the commission of a joint tort; and if this verdict were set aside, the case stood as though it had never been tried. Joint trespassers are not entitled to separate trials as matter of law. *Eames* v. *Stevens*, 26 N. H. 117, 121; *Bell* v. *Wood-*

*ward,* 32 N. H. 64, 69; *Owen* v. *Weston,* 63 N. H. 599, 604. If the verdict ordered for Read was not understood to have been set aside before this trial began, there was nothing to submit to the jury on this count against Read, and no question for trial. The presentation of the case to the jury and the direction to them to find a similar verdict would appear to establish that the presiding judge understood that the verdict ordered was not in force, although the case does not show any formal order setting it aside. As before the case was submitted to the jury they were directed to find Read not guilty, he suffered no legal harm by the presentation of the case a second time upon that issue to the jury. There is nothing in the case tending to show that Read was prejudiced in the trial of the count in trover by the failure to enter a formal order setting aside the former verdict for him in trespass, or by the action of the court ignoring its existence up to the time the case went to the jury.

The question which it appears was intended to be raised by this exception is not one of pleading, but of procedure. If Read's verdict was not set aside, the case stood as an action of trespass against one and an action of trover against two. If such joinder was faulty as a matter of pleading, it is enough to say that Read did not object to it on that ground. If he had, the plaintiff could have obviated the difficulty, either by striking out the count in trespass, or by changing his action into two—trespass against Nelson, trover against Read and Nelson. If this had been done, and the plaintiff had asked to have the two actions tried as one, the court could, and in the exercise of his discretion undoubtedly would, have granted the motion. Whether an action shall be tried by itself or in connection with another, is a question for the trial court. If this action had been made into two, as it legally might, there is no reason to suppose a different result would have been reached.

There was evidence from which it could be found that Read wrongfully converted the plaintiff's logs to his own use. The case was properly submitted to the jury.

Read's contention that he is only liable for nominal damages is equally without merit. In order to find upon the evidence that Read was guilty in trover, the jury must have found that he caused Nelson to take possession of the plaintiff's logs without right and remove them to his (Read's) land, where they now remain. In trover, the measure of damages is in general the value of the goods at the time they were converted. *Frothingham* v. *Morse,* 45 N. H. 545; *Gove* v. *Watson,* 61 N. H. 136. The jury were correctly instructed as to the measure of damages. *Hitchcock* v. *Libby,* 70 N. H. 399, 404; *Beede* v. *Lamprey,* 64 N. H. 510.

After the court had instructed the jury that they must find Read directed Nelson to haul the logs out, in order to find that he converted them, it was not error to refuse to instruct them that merely advising him to haul them out would not constitute a conversion. In other words, when the court has stated a proposition in positive terms it is not error to refuse to restate it in negative form. *Smith* v. *Bank*, 70 N. H. 187, 191.

Whether or not the verdict should have been set aside because the damages were excessive, was a question of fact. The precise ground upon which a verdict was ordered for Read on the count in trespass and for Nelson in trover is not clear from the reported evidence. Neither is it clear, as the case is presented here, how Read could be found guilty in trover and not in trespass, nor how he could be guilty of any wrongful act of which Nelson was not guilty. If Read directed Nelson to remove the logs from the plaintiff's land, whatever Nelson did in pursuance of that order was done by Read. If Nelson was acting under Read's direction when he entered upon the plaintiff's land and removed his logs, they were both guilty and on both counts. But as there were no exceptions to the verdicts ordered against the plaintiff, no questions are presented for the consideration of this court by these orders.

*Exceptions overruled.*

All concurred.