Merrimack, }
Oct. 7, 1913. }

### CHESTER L. TINKHAM *v.* BOSTON & MAINE RAILROAD.

A plea in abatement which alleges the pendency of a prior suit for the same cause is bad on demurrer if the record of the prior action is not enrolled.

Where it is doubtful whether a plaintiff can secure his rights under an original declaration or by an amendment thereof, justice does not require the abatement of a second suit for the same cause of action.

In such case the superior court may order a consolidation of the suits, or by some other convenient procedure may protect the rights of both parties and afford them an opportunity to litigate the merits of their controversy.

CASE, under the federal employer's liability act, to recover for personal injuries received while working for the defendant in the conduct of interstate commerce. The defendant pleaded in abatement that a prior suit for the same cause of action was pending. The plea sets out the declaration in the former suit (which counts upon negligence at common law only), but does not enroll the record. The plaintiff demurred to the plea. Transferred without a ruling from the April term, 1913, of the superior court by *Plummer*, J.

*Robert W. Upton* (by brief and orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Sulloway* orally), for the defendant.

PEASLEE, J. "The plea in abatement is bad. It does not fully set out the record of the prior action. The rule is uniform in this state, that a defendant, who by plea in abatement relies on the record or process of any court, must enroll in or with his plea the record or process on which he relies. *Smith* v. *Insurance Co.*, 22 N. H. [21], 25." *Ladd* v. *Stratton*, 59 N. H. 200.

The argument of the defendant in the case at bar, that the rule as to enrollment does not apply when both cases are in the same court, cannot prevail. That was the situation in the case above quoted from, and the point was then fully argued by counsel. 119 Briefs & Cases 457. But this does not dispose of the case under our liberal practice. The right of the defendant to be protected from harassing litigation is a substantial one, not to be defeated by any technical rule of pleading. *Gamsby* v. *Ray*, 52 N. H. 513. The question here is what on the whole justice requires.

It appears from the statement of counsel at the argument, that when the second suit was instituted it was at least a doubtful question whether he could secure his rights under the original declaration, or by an amendment thereof. Under such circumstances, justice does not require that the second suit be dismissed. It also appeared that the plaintiff had moved, in the superior court, that the two cases be consolidated or tried together, and that the defendant opposed the granting of the motion. Upon the facts now before this court, there seems to be no good reason why the motion should not be granted, so that the parties may proceed to try out the merits of all parts of their controversy.

Such order will be made, on the facts as they hereafter appear in the superior court, as will fully protect the rights of both parties.

*Case discharged.*

All concurred.