Rockingham,
No. 4406.

JAMES P. LYNCH *v.* IDA T. BISSELL and CARL O. W. JOHNSON.

MARY E. LYNCH *v.* SAME.

IDA T. BISSELL *v.* CARL O. W. JOHNSON.

SHERMAN BISSELL *v.* SAME.

Argued June 8, 1955.

Decided June 30, 1955.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Brown* orally), for the plaintiffs Lynch.

*Sleeper & Mullavey* for the plaintiffs Bissell.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the defendant Ida T. Bissell.

*Sheehan, Phinney & Bass* and *Joseph F. Devan* (*Mr. Devan* orally), for the defendant Johnson.

KENISON, C. J. These four actions to recover for injuries and property damage sustained in a head-on collision between two automobiles (Lynch and Bissell) near where a third automobile (Johnson) was parked were consolidated for trial. The right of the Trial Court to consolidate law actions for damages is well established in this state. *Tinkham* v. *Railroad,* 77 N. H. 111; anno. 104 A. L. R. 62; *Allbee* v. *Elms,* 93 N. H. 202, 204.

The accident occurred about 3:30 P. M. on a clear day as the Bissell automobile was proceeding in a southerly direction and the Lynch automobile in a northerly direction each at a speed of about 25 miles an hour on a 20 foot dry highway divided by a yellow line. There was evidence from which the jury could find that Bissell crossed the yellow line to pass the Johnson car parked on or partially on the highway and had continued on her lefthand side blinded by the sun for over 90 feet when the head-on collision occurred. Lynch blew his horn once, slowed down, then blew his horn continuously, applied his brakes 50 feet from the point of impact, locked his brakes the last 15 or 20 feet leaving a 6 foot brake mark and was practically at a standstill at the moment of collision. Bissell did not hear the horn or see the Lynch car until 6 feet away from the point of impact. The damage to the cars was on the front left of both and Lynch's right rear fender was damaged from contact with the guardrail at the edge of the shoulder five feet from the tarvia.

The motions for a nonsuit and a directed verdict by Bissell as defendant on the ground that Lynch was guilty of contributory negligence as a matter of law were properly denied by the Trial Court. While Lynch in the exercise of due care had a duty to take some saving action (*Mooney* v. *Chapdelaine*, 90 N. H. 415), the evidence disclosed that he did. Whether he could have done more to avoid the collision, or done it differently and more quickly presented a factual question which was properly left to the jury to decide. Lynch "was trying to avoid danger. It cannot be ruled as a point of law that he failed to use as much care as the ordinary person of average prudence." *Mack* v. *Hoyt*, 94 N. H. 492, 495. This is not a case where the plaintiff Lynch did nothing to avoid the accident until a collision was inevitable. *Sullivan* v. *Sullivan*, 91 N. H. 341, 343. The *Mooney* case, *supra*, is not authority for holding that Lynch was contributorily negligent as a matter of law and we know of no case that would support such a ruling.

A police officer of Exeter was allowed to testify that the point of contact was where he found the vehicles to be after the accident. This was completely on Bissell's lefthand side of the highway. It could be found that the officer's experience in investigating "many accidents" would be of aid to the jury and the admission of this evidence was proper. *Watkins Co.* v. *Peterson Express*, 88 N. H. 476; *Sweeney* v. *Willette*, 98 N. H. 512, 515. The exclusion of a question on cross-examination which could be considered

argumentative, and of another question which contained the phrase "as I understand your testimony," upon objection to the form, involved no abuse of discretion by the Trial Court. *Fissette* v. *Railroad,* 98 N. H. 136, 143; McCormick, Evidence, 12 (1954).

Evidence submitted in behalf of the plaintiff Lynch disclosed that he developed an involuntary tremor of his left hand and arm about two weeks after the accident which existed at the time of trial two and one-half years later. The plaintiff's doctor diagnosed the condition as "nervous muscular tremor based on hysteria" and testified that it was due entirely to the accident. He could not predict the duration of that condition or when it would cease but stated: "My opinion is that it will improve. When, God only knows." He had treated Lynch's mother for a "similar" condition, not involving an accident, that lasted for five years. The medical evidence of the defendant Bissell diagnosed Lynch's condition as hereditary hysteria not due to the accident. This medical expert was satisfied that Lynch was not a malingerer but thought his condition would clear up as soon as the litigation was disposed of one way or the other. The medical evidence also showed that there was an extensive muscular atrophy of the left arm from the shoulder to the hand because of disuse.

The issue of damages for future incapacity beyond the date of trial was submitted to the jury over the exception of the defendants who moved to withdraw the issue of future damages from the jury. This was not error. *Migneault* v. *Company,* 98 N. H. 337, 341; *Dunham* v. *Stone,* 96 N. H. 138. If the jury believed that Mrs. Lynch's condition, which lasted for five years, was similar to that of the plaintiff they were warranted in assessing the plaintiff's future damages on that account. Furthermore future damages could be predicated on the medical testimony that the "muscular atrophy . . . wouldn't change any" or at least the jury could find that such atrophy would not be repaired immediately. *Gomes* v. *Roy,* 99 N. H. 233; *Richards* v. *Rizzi,* 99 N. H. 327.

The defendant Bissell excepted to the Court's charge which submitted to the jury as a question of fact whether Johnson violated the parking statute (R. L., *c.* 119, *s.* 26, as amended by Laws 1949, *c.* 136, *s.* 1). It is argued that the Court should have instructed the jury that the statute was violated and left to them only the question of whether this violation was causal of the accident. Although there was conflicting evidence as to the exact location of the Johnson car, it was undisputed that it was parked on or

partially on the paved portion of the highway. This was a plain violation of the statute and failure to so instruct the jury upon request was prejudicial to Bissell and reversible error.

Revised Laws, chapter 119, section 16a, as inserted by Laws 1949, c. 103, in effect at the time of this accident, permits marking of highways by painted lines and provides that no "operator of a motor vehicle shall, except in emergency while proceeding along a highway, drive any part of such vehicle to the left of nor across an unbroken painted line . . . . " The Court's charge allowed the jury to determine whether Bissell violated this statute by crossing the yellow center line and whether it was causal of the accident. The jury were instructed that a violation of the statute could be excusable, that the statute did not require an operator "to stay behind the parked car all day waiting for it to move" and that they should consider whether it was necessary under the existing circumstances to cross the yellow line at any time. Since there must be a new trial, more explicit instructions may be given concerning the circumstances under which violation of the statute would be excused. The statutory requirement that a traveler keep to the right of a yellow line is not unlike the requirement of the law of the road that a traveler turn to the right of center on meeting another traveler. R. L., c. 106, s. 1, as amended. Failure to comply may be excused "in emergency" by express provision of the one statute (Laws 1949, c. 103, *supra*), and by implication in the case of the other. *Dunsmore* v. *Company*, 90 N. H. 470. See *Beaudin* v. *Company*, 94 N. H. 202. As regards civil liability at least, impossibility of compliance owing to a blocking of the lane would likewise excuse violation, provided use of the left hand lane was made with due regard to the rights of users of that lane. 2 Blashfield, Cyclopedia of Automobile Law, s. 894, p. 58. See *Thompson* v. *Kerr*, (Ohio) 51 N. E. (2d) 742, 753.

The crossing of the yellow line without risk of injury to others to permit ingress or egress to property adjacent to the highway or at a point where the operator can see the end of the yellow line and proceed with safety are other examples where the statute is not violated. See Laws 1951, c. 79.

Requests numbered 24, 25 and 26 by defendant Bissell relating to the burden of proof being on the plaintiff Lynch to show that the condition of his left arm was due to the accident were given in substance in the Court's charge to the jury and the exceptions thereto are overruled. The requested instructions were correct and

would have been more specific than the abstract charge given by the Court. "The Court might well have instructed substantially in this manner, but it was not reversible error to refrain from doing so." *Williams* v. *Walker*, 95 N. H. 231, 236.

At the pre-trial of this case it was agreed the plaintiff Mary Lynch was the owner of the car operated by the plaintiff James Lynch. The defendant Bissell requested instructions, which were denied, that the negligence of the operator should be imputed to the owner thereby precluding any award for property damages to the car. The negligence of a bailee is not imputable to the bailor. *Clough* v. *Schwartz*, 94 N. H. 138; *Boothby* v. *Prescott*, 97 N. H. 504. The evidence in the case disclosed a bailment and the pre-trial order having settled the ownership of the car, the requests for instructions were correctly denied unless it can be said that the pre-trial order should have been modified. This question was considered but not decided in *Rogers* v. *Nelson*, 97 N. H. 72, 75. The effectiveness of pre-trial orders would not be enhanced by frequent amendments and so they have been allowed with caution. *Desmond* v. *Boston Elevated Railway*, 319 Mass. 13. However we have no doubt of the discretionary authority of the Trial Court to permit modification in the interests of justice. "The decisions show that the responsibilities of the trial court include also the correction of mistakes made during pre-trial, the adjustment of pre-trial orders and arguments to changed circumstances, and, generally, the prevention of injustice as a consequence of the pre-trial conference." Nims, Pre-Trial, 184 (1950). In the present case the refusal to modify the pre-trial order was not arbitrary and the requests for instructions were properly denied. Note, The Status of Pre-Trial Practice in New England, 35 B. U. L. Rev. 256, 268 (1955).

At the beginning of the trial it was announced by the Court that the order in which counsel agreed to proceed would be adhered to throughout the trial. There were separate counsel for Ida Bissell as plaintiff and as defendant. That order was plaintiff Bissell, defendant Johnson, plaintiff Lynch and defendant Bissell. At the time for oral arguments to the jury the Court assigned the following order: defendant Bissell, defendant Johnson, plaintiff Bissell and plaintiff Lynch. Exception was taken to this procedural arrangement because plaintiff Bissell was not allowed the final argument. The exception is overruled. *Carbone* v. *Railroad*, 89 N. H. 12, 19. A verdict will not be disturbed because the prevailing party was erroneously permitted the final argument unless it

appears that the defeated party has suffered substantial injustice. *Seely* v. *Insurance Co.*, 73 N. H. 339; *Blaisdell* v. *Young*, 90 N. H. 185, 187. Plaintiff Bissell had the opportunity of answering and arguing after the defendant Johnson and the order of argument as between Bissell and Johnson in their particular actions was the same as though the Lynch cases had not been consolidated for trial. No unfair advantage resulted. *Amoskeag Mfg. Co.* v. *Head*, 59 N. H. 332, 336; *Gelinas* v. *Portsmouth*, 97 N. H. 248, 252.

We are urged to rule on the correctness of permitting double examination and double argument by a person appearing as plaintiff and defendant by different counsel. While the matter has not been judicially determined in many cases it is generally recognized that the question can best be determined by the Presiding Justice subject, of course, to a review for abuse of discretion. *Tripplet* v. *Hernandez*, 238 Minn. 208, 218; *Simon* v. *Carroll*, (Minn.) 62 N. W. (2d) 822. If it is desirable that a general rule be promulgated regulating the problem, this can be accomplished in the normal course under the rule-making power of the Superior Court. R. L., c. 370, s. 8. Compare the practice followed in the amendment to Superior Court Rule 57 effective May 1, 1955. See Fourth Report N. H. Judicial Council (1952), *pp.* 32-34.

*New trials.*

All concurred.