Rockingham,
No. 4433.

A. W. PERKINS & a. v. EXETER ASSOCIATES, INC.

WILLIAM H. SLEEPER v. A. W. PERKINS & a.

Argued June 5, 1956.

Decided July 6, 1956.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey (Mr. Hinchey* orally), for A. W. and Fletcher B. Perkins.

*Sleeper & Mullavey (Mr. Sleeper* orally), for Exeter Associates, Inc. and William H. Sleeper.

LAMPRON, J. It is well established in our state that the Superior Court may order a consolidation of suits or some other convenient procedure which will protect the rights of the parties involved. *Meloon* v. *Read,* 73 N. H. 153; *Allbee* v. *Elms,* 93 N. H. 202, 204; *Lynch* v. *Bissell,* 99 N. H. 473, 474. The test is what on the whole justice requires. *Tinkham* v. *Railroad,* 77 N. H. 111. In the absence of a showing of an abuse of discretion the decision of the Trial Court will be sustained. *Sweeney* v. *Willette,* 98 N. H. 512, 513; Bowers, Judicial Discretion of Trial Courts, 161.

The Court in its modification order stated that "the amount of timber cut on the lot of William H. Sleeper . . . appears to be a matter in dispute in both actions." That conclusion is supported by the record and justifies the procedure adopted by the Court to protect the rights of all parties involved.

We have examined the record before us. It consists of documents on file in Superior Court, arguments of counsel relative thereto, and orders of the Court thereon. We find nothing in this record to indicate prejudice to Exeter Associates, Inc. or to William H. Sleeper in the denial of their motion that the time within which to file a proposed reserved case or bill of exceptions be extended until the hearings had been transcribed. Superior Court Rule 57, 99 N. H. 617.

*Exceptions overruled.*

All concurred.