Cheshire,
No. 6278.

RUSSELL J. BURT

*v.*

AETNA CASUALTY & SURETY COMPANY.

January 31, 1972.

*William D. Tribble* and *Aaron A. Lipsky* (*Mr. Lipsky* orally) for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *M. M. Lonergan* (*Mr. Lonergan* orally) for the defendant.

GRIMES, J. The issue in this case is whether there was evidence to warrant submission to the jury of the special question, whether plaintiff's injury, for which he seeks benefits under defendant's policy, was one which did not arise out of or in the course of his employment so as to come within the coverage. Defendant's exceptions were transferred by *Dunfey*, J.

Plaintiff was employed at Homestead Woolen Mills, Inc. which for the benefit of its employees carried a group insurance policy with the defendant. The policy covers disabilities

from injuries only if they do "not arise out of or in the course of employment" so as to be covered by workmen's compensation.

The disability for which benefits are sought by plaintiff arises out of a ruptured disc which was excised on January 19, 1965. Being covered under one policy or the other depending upon where his injury occurred he was on the horns of a dilemma. This could have been avoided however by joining the two claims for trial of the common issue of fact. *Perkins* v. *Associates,* 100 N.H. 247, 123 A.2d 825 (1956). Plaintiff, however, made claim for workmen's compensation claiming the injury arose out of and in the course of his employment. The claim was contested and finally was resolved by a lump-sum settlement the agreement for which contained the statement that "[i]t being uncertain as to whether the cause of injury was an accident or was an accident arising out of the course of business of the employer, the parties agree to compromise the disputed claim for compensation . . . . " Plaintiff then pursued his claim against this defendant under its policy. The jury, in answer to a special question, found that plaintiff's injury did not arise out of or in the course of his employment, an issue on which, the jury had been instructed the plaintiff had the burden of proof.

Although the fact that plaintiff made a claim for workmen's compensation would be admissible as an inconsistent claim (*Bellavance* v. *Company,* 99 N.H. 10, 104 A.2d 882 ( 1954 )) the acceptance of the lump-sum settlement would not be a bar to this action since only common-law actions against the employer and his workmen's compensation carrier are barred by the acceptance of compensation. *Cf. Brooks* v. *Legasse,* 111 N.H. 126, 276 A.2d 480 (1971).

It appears from the evidence that during the summer and early fall of 1964 plaintiff had been employed at Homestead at work which involved lifting and moving rolls of cloth and had not had any trouble with his back. Late in August he assisted someone move an automobile which had rolled over a "little embankment" following which he "could hardly breathe for about ten minutes". He testified he began having backaches in the late summer and early fall when he drove

over a half hour at a time and had to use a pillow at his back which would "ache pretty bad".

He experienced no difficulty at his work before he was laid off during October and November. When he returned to work he was required to lift heavier rolls of cloth than before "which increased my [his] backache". He saw a doctor in early December and was operated on in January.

In a signed statement made in connection with his workmen's compensation claim he stated that he couldn't "remember any one day that I injured my back, but I didn't fall, and the only thing I can think was that I injured my back lifting". He said in the same statement that he told his foremen "shortly after I came back to work in November, that my back was sore". He said that he remembered one day late in November or early December when he thought he had wrenched his back. There was no medical testimony at the trial but a medical report which was introduced as an exhibit at the trial includes the statement that "patient states that he hurt his back while lifting at work" followed by the doctor's opinion that plaintiff's condition was the result of the accident described by the patient. In his notice of injury filed in connection with his compensation claim plaintiff stated that the place of accident was at Homestead and that he was not used to the heavy lifting he was required to do after being laid off and that it was "just too much to do but I did it anyway".

The disability for which benefits are claimed resulted from a ruptured disc. Although there was evidence of backache prior to the time he "wrenched his back at work" we do not think that "the common experiences and observations of mankind" ( *Richards* v. *Rizzi,* 99 N.H. 327, 328, 110 A.2d 275, 276 (1954); *Dunham* v. *Stone,* 96 N.H. 138, 140, 71 A.2d 412, 414 (1950)) would permit a finding, without expert testimony, that the rupture of the disc did not occur while plaintiff was at work. *Bentley* v. *Adams,* 100 N.H. 377, 128 A.2d 202 (1956). The difficulty with the plaintiff's contention is that not all backaches or sore backs result from ruptured discs. We are of the opinion that expert testimony was essential in this case to permit a nonspeculative finding that the earlier backache was the result of a ruptured disc and that

the disc rupture did not occur on the job. *Bentley* v. *Adams supra.* It was error to submit the issue to the jury.

*Judgment for defendant.*

GRIFFITH, J.,   did not sit; the others concurred.