Rockingham
No. 7394

RYE DEVELOPMENT COMPANY, INC.

v.

TOWN OF GREENLAND

August 31, 1976

*Taylor & Gray* and *William J. Hurley (Mr. Hurley* orally) for the plaintiff.

*Shute, Engel & Frasier* and *Robert L. Steuk (David C. Engel* orally) for the defendant.

GRIFFITH, J. This is a petition for declaratory judgment filed to contest the validity of an amendment to the zoning ordinance of the town of Greenland. In accordance with the agreement of the parties, various questions of law were reserved and transferred in advance of trial on the merits by *Cann,* J.

On November 5, 1974, the defendant held a special town meeting for the purpose of voting upon a proposed amendment to the existing town zoning ordinance. Prior to the voting, a protest petition purporting to contain the signatures of the owners of twenty percent of the area included in the proposed zoning change was filed with the town officials. Under RSA 31:64, the effect of such a petition is to require a favorable vote of two-thirds of those present and voting to enact a zoning ordinance amendment, instead of the simple majority which would otherwise suffice. The proposed amendment was approved by a majority, but failed to receive a two-thirds favorable vote. Upon examination of the petition after the meeting, the town moderator declared it to be without

effect because it did not contain "a sufficient properly listed amount of acreage or sufficient legal signatures." He accordingly ruled that the simple majority vote approving the zoning ordinance amendment prevailed. Plaintiff's motion for a rehearing brought pursuant to RSA 31:74 (Supp. 1975) was denied by the town selectmen, and the instant action was initiated.

Both parties agree that under RSA 31:78, the burden of proof is upon the plaintiff to show that the decision of the town moderator and selectmen holding the petition invalid was unreasonable or unlawful. The first question we are asked to decide is whether the mere introduction of the protest petition, without any authentication of the signatures or the claimed acreage contained therein, is sufficient to satisfy this burden.

In addition to placing the burden of proof on the party seeking to set aside the decision of a municipal legislative body, RSA 31:78 provides that all findings made by such a body upon all questions of fact properly before it "shall be deemed to be prima facie lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unjust or unreasonable."

The ruling of the moderator sustained by the selectmen acting under RSA 31:74 (Supp. 1975) was that the petition did not contain "a sufficient properly listed amount of acreage or sufficient legal signatures." The statutory presumption in favor of this ruling can hardly be overcome by relying solely on the petition ruled invalid by the moderator and selectmen. Accordingly, we hold that the plaintiff's burden of proof under RSA 31:78 is not satisfied solely by introduction into evidence of the protest petition.

The above disposes of the first two questions transferred. The third question asks us, if we rule as we have, "what, as a matter of law, must the plaintiff introduce into evidence to satisfy its prima facie burden of proof under RSA 31:78?" It is not within the scope of the authority or duties of the supreme court to advise counsel in advance of trial as to what evidence counsel will have to present to prevail in their case. The availability of evidence and the determination of what proof to present are peculiarly the duties of counsel.

*Remanded.*

GRIMES, J., did not sit; the others concurred.