Rockingham
No. 79-044

GARY R. ROWE *& a.*

v.

TOWN OF SALEM

DEWEY B. DURRETT

June 27, 1979

*Ralph Stein*, of Salem, by brief, for the plaintiffs.

*Romprey, Beaumont & Mason*, of Salem (*William R. Mason*, orally), for the intervenor, Dewey B. Durrett.

PER CURIAM. This reserved case is before us following a decree of the Superior Court (*Goode*, J.) vacating the grant of a variance by the Town of Salem Board of Adjustment.

In 1974, the intervenor, Durrett, purchased 3.3 acres of land on which stood two apartment buildings containing thirty units. The buildings were erected in 1965 when they were a permitted use. The area is presently zoned as a "residential district." The intervenor applied for a variance to erect an additional building of twelve apartments. A hearing was held on October 5, 1976, and the board granted the variance.

The plaintiffs appealed to the superior court, alleging not only that the intervenor failed to present evidence of any of the factors necessary to warrant the grant of a variance, but also that the board made no finding of any of the five statutory requirements needed to justify the issuance of a variance. RSA 31:72 III; *see Art. XII-R, Salem Zoning Ordinance. See also Ouimette v. City of Somersworth*, 119 N.H. 292, 402 A.2d 159 (1979); *Carbonneau v. Town of Exeter*, 119 N.H. 259, 401 A.2d 675 (1979). The record reveals that the hearing was particularly concerned with the question of unnecessary hardship.

The court found "that there was no evidence on the issue of unnecessary hardship by the applicant," and that "[t]estimony from Mr. Durrett indicated that the income from the existing apartments was sufficient to meet the expenses." The court further found "that the reason for requesting a variance . . . was to obtain a greater return on his investment." The court concluded that "[t]hese reasons are insufficient as a matter of law to meet the burden of establishing that a

denial of the permit would result in unnecessary hardship." *See* RSA 31:72 III; *Carbonneau v. Town of Exeter*, 119 N.H. 259, 401 A.2d 675 (1979).

RSA 31:78 provides that the findings of the board must be deemed prima facie reasonable. Nevertheless, "RSA 31:78 provides that decisions reached by zoning boards 'shall not be set aside or vacated, except for errors of law, *unless the court is persuaded by the balance of probabilities, on the evidence before it that said order or decision is unjust or unreasonable.'* " *Cook v. Town of Sanbornton*, 118 N.H. 668, 669, 392 A.2d 1201, 1202 (1978) (emphasis in original). We have held that "[a] variance by definition is granted with respect to a piece of property and not with respect to the 'personal needs, preferences, and circumstances,' of a property owner." *Carbonneau v. Town of Exeter*, 119 N.H. at 262, 401 A.2d at 677. We emphasize again that "'[i]t is not uniqueness of the plight of the owner, but uniqueness of the land causing the plight that is the criterion' for unnecessary hardship."*Id.* (citation omitted). "The inability to use land for one particular purpose is irrelevant to whether a variance should be granted." *Ouimette v. City of Somersworth*, 119 N.H. at 294, 402 A.2d at 161. It is established that "[a] hardship results only if use of the particular property is unduly restricted by the zoning ordinance because of special conditions unique to that property which distinguishes it from all others similarly restricted." *Id.*

The trial court properly found that there was no evidence before it to demonstrate those "special conditions" which would distinguish the intervenor's property from other property in the area and warrant a variance based upon "unnecessary hardship." It properly held as a matter of law that a variance had been improperly granted by the town's board of adjustment.

*Exceptions overruled.*