Hillsborough
No. 79-339

ASSOCIATED HOME UTILITIES, INC. *& a.*

v.

TOWN OF BEDFORD

TOWN OF BEDFORD

v.

ASSOCIATED HOME UTILITIES, INC. *& a.*

December 17, 1980

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Bruce W. Felmly* orally), for Associated Home Utilities, Inc.

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*James E. Higgins* orally), for the Town of Bedford.

KING, J.   On September 21, 1979, the Superior Court (*Wyman, J.*) issued an order reversing the Bedford Zoning Board of Adjustment's (zoning board) denial of Associated Home Utilities' (AHU) request for a variance that would permit AHU to relocate its business and enjoining AHU from continuing its operations at its present location. The Town of Bedford appeals that part of the order reversing the zoning board's action, and AHU appeals that part of the order enjoining it from continuing its operations at its present site.

The central issue in this case is whether the superior court erred

in reversing the decision of the zoning board not to grant the variance. Two preliminary issues are whether the court properly consolidated the town's action for an injunction with AHU's appeal from the zoning board's decision and whether it was proper for the court to condition relief in one action upon the finality of the order in the other. As to all three issues, we answer the questions affirmatively and remand this case to the superior court for further proceedings.

Since 1947, AHU has operated a plumbing and heating business on a forty-six acre tract of land in Bedford. In 1953, the town enacted a zoning ordinance placing the property in an agricultural-residential zone. The ordinance prohibited activities such as those of AHU but excepted pre-existing nonconforming uses. AHU continued to operate its business, which expanded not only in size but also in scope. In addition to plumbing, AHU became involved with the construction of roads and other non-plumbing activities.

In April of 1978, the town commenced an action against AHU in the superior court alleging that AHU had exceeded the scope of its nonconforming use and seeking an injunction against AHU's operations. The court held a hearing on May 12, 1978, and issued a temporary restraining order prohibiting further expansion of AHU's business and requiring that certain types of work be done during daylight hours. The court scheduled trial for July.

Prior to trial, AHU applied to the Bedford Planning Board for approval of a plan to construct a new facility on the back portion of the land, where AHU already operated a gravel pit. The planning board instructed AHU that before the planning board could act on its application, AHU would have to get a variance from the zoning board. AHU then filed an application for a variance with the zoning board.

At trial of the town's action against AHU, the court heard testimony concerning the size and nature of AHU's business. The evidence included a view of both the present site of AHU's business and the site of the proposed relocation. Optimistic that AHU's plan would resolve equitably the dispute, the court postponed its decision pending the action of the zoning board.

On November 28, 1978, the zoning board held a hearing to consider AHU's application to construct a building for the proposed relocation of its business to the rear portion of its land. Finding that the plan violated the "spirit and intent" of the ordinance, the zoning board denied the variance. AHU sought a rehearing which was granted and held on January 23, 1979. At the close of this hearing, the board again denied the application on the

additional grounds that neither "unique or unnecessary hardship" nor substantial justice required the variance.

AHU appealed the zoning board's action on February 14, 1979, and, shortly thereafter, filed a motion to consolidate the appeal with the town's action for an injunction. The town objected to the granting of this motion. On September 21, 1979, the superior court granted the motion to consolidate, and without holding further hearings, issued its order.

The court found that the zoning board's refusal to grant a variance to AHU was both unreasonable and unjust. The court set aside the decision under the authority of *Cook v. Town of Sanbornton*, 118 N.H. 668, 392 A.2d 1201 (1978), and directed that the application be granted. The court also granted the town's petition for an injunction and permanently restrained and enjoined AHU "from conducting unpermitted commercial uses on any portion of the easterly half of their presently owned Bedford land." The court, however, expressly conditioned implementation of the injunction upon the finality of its order with respect to the variance. The town filed its notice of appeal on October 19, 1979, and on October 25, 1979, AHU filed its cross-appeal.

■ The town first argues that it was error for the court to consolidate these cases because the cases involved different legal issues. The superior court undoubtedly has authority to consolidate two or more cases. *See Lynch v. Bissell*, 99 N.H. 473, 474, 116 A.2d 121, 123 (1955); *Meloon v. Read*, 73 N.H. 153, 155, 59 A. 946, 947 (1905). This is a discretionary power and its exercise is limited only by the requirements of justice. *See Perkins v. Associates*, 100 N.H. 247, 248, 123 A.2d 825, 826 (1956). Only if the court is plainly wrong will we interfere with its exercise of this discretion. *Id.*, 123 A.2d at 826; *cf. Sweeney v. Willette*, 98 N.H. 512, 513, 104 A.2d 398, 400 (1954).

■ These two cases involved identical parties, the same parcel of land and similar legal issues. Furthermore, the second case arose only as an attempt to resolve the dispute raised in the first. Under these circumstances, it was proper for the court to consolidate the cases in order that the parties could proceed to resolve all parts of their controversy. *See Tinkham v. Railroad*, 77 N.H. 111, 112, 88 A. 709, 709–10 (1913).

■■ The town next argues that the court abused its discretion in conditioning its order in one case on the final outcome of the other. Whether to grant equitable relief in a particular case rests within

the sound discretion of the trial court. *Crocker v. Canaan College*, 110 N.H. 384, 388, 268 A.2d 844, 847 (1970). In reaching such a decision, the court may consider a wide range of circumstances and equitable procedures. *See Varney v. Fletcher*, 106 N.H. 464, 467–68, 213 A.2d 905, 908 (1965). A review of the transcript and the order clearly demonstrates that the court desired to reach an equitable solution to the entire dispute and that its decision to enjoin AHU's business activities at its present site was inextricably bound to its decision to order the variance. In such a case, it was proper to condition one upon the other.

Finally the town argues that the court erred in setting aside the decision of the zoning board denying AHU's application for a variance. The parties dispute the applicable standards under which the court may review the zoning board's decision. The town asserts that a recent amendment to RSA 31:78 allows the superior court to reverse or modify a decision of the zoning board only if it is persuaded by the balance of probabilities that the decision is unreasonable. *See* Laws of 1979, ch. 121. AHU contends that because its appeal was filed in February, five months before the effective date of that amendment, the court could consider whether the board's decision was unjust as well as whether it was unreasonable. *See* RSA 31:78. Because we consider the decision of the zoning board to be both reasonable and just, and the decision of the superior court to be erroneous, it is unnecessary to resolve this issue. For purposes of discussion, however, we refer to the new standard.

Variance procedures are included as part of zoning ordinances in order to prevent them from operating in a confiscatory or oppressive manner. *Ouimette v. City of Somersworth*, 119 N.H. 292, 294, 402 A.2d 159, 161 (1979); *see* 3 A. RATHKOPF, THE LAW OF ZONING AND PLANNING § 38.01 at 38-4 (4th ed. 1956). In order for an applicant to receive a variance from either the local zoning board or the superior court, the applicant must demonstrate that all of the requirements of RSA 31:72 have been met. These are:

> "(1) no diminution in value of surrounding properties would be suffered; (2) granting the permit would be of benefit to the public interest; (3) denial of the permit would result in unnecessary hardship to the owner seeking it; (4) by granting the permit substantial justice will be done; (5) the use must not be contrary to the spirit of the ordinance."

*Pappas v. City of Manchester Zoning Bd.*, 117 N.H. 622, 625, 376 A.2d 885, 887 (1977). The zoning board found that the variance was not required to avoid unique or unnecessary hardship. This decision is deemed to be prima facie lawful and reasonable and may not be set aside unless the court is persuaded by the balance of probabilities on the evidence before it that the decision is unreasonable. RSA 31:78 (Supp. 1979).

■■ We conclude that the zoning board could reasonably find that denying the variance would result in no unnecessary hardship to AHU and that AHU, therefore, has failed to meet the requisites for a variance enunciated in *Pappas*. A hardship exists only if due to special conditions unique to a particular parcel of land, the ordinance unduly restricts the use to which the land may be put. *See Rowe v. Town of Salem*, 119 N.H. 505, 507, 403 A.2d 428, 429 (1979). The hardship must relate to the special character of the land rather than to the personal circumstances of the landowner. *Id.* at 507, 403 A.2d at 429; *Carbonneau v. Town of Exeter*, 119 N.H. 259, 262–63, 401 A.2d 675, 677 (1979). In the absence of special conditions distinguishing a parcel from others in the area, no variance may be granted. *Hanson v. Manning*, 115 N.H. 367, 369, 341 A.2d 764, 765 (1975).

A review of the record reveals nothing to indicate that, due to the special condition of the land, AHU is unable to make reasonable use of the parcel. To the extent that potential hardship was discussed at all, it related only to AHU's unfruitful attempt to locate other land on which to conduct its business. As this relates only to personal inconvenience rather than to the special character of the land, it is irrelevant to AHU's request for a variance.

AHU argues that the decision of the zoning board to deny the variance was unreasonable and unjust because it was trial counsel for the town who encouraged AHU to seek a variance concerning the rear portion of its land and to relocate its activities to that land as a solution to the controversy surrounding its activities at its present site. It should have been clear to AHU, however, that trial counsel for the town could not bind the zoning board with respect to this matter. Although trial counsel agreed that an injunction and a variance would be an acceptable solution to the immediate problem, trial counsel in no way indicated that such a variance would be forthcoming. Nor could AHU have reasonably relied upon such an indication if one had been made, as the decision whether to grant a variance rests with the zoning board. *See* RSA 31:72 II. Accordingly, we reverse that part of the superior court's order directing that AHU's application for a variance be granted.

Because the superior court conditioned implementation of the injunction prohibiting AHU's continued operation upon the finality of its order concerning the variance, the supporting findings of which are not binding, we remand the case to the superior court for further proceedings concerning the present use of the property. We do not reach the issues raised by AHU in this appeal concerning the restraining of its activities at its present site because the superior court may determine not to order an injunction upon remand. If, however, an injunction ultimately results, it must be limited to that portion of AHU's activities that exceed the limits of its pre-existing nonconforming use.

*Reversed in part; remanded.*

All concurred.