Rockingham
No. 81-063

JARIB M. SANDERSON, JR., & a.

v.

TOWN OF GREENLAND & a.

December 10, 1982

*Holland, Donovan, Beckett & Welch,* of Exeter (*Robert B. Donovan* on the brief and orally), for the plaintiffs.

*Shute, Engel & Morse,* of Exeter (*Mark S. Gearreald* on the brief and orally), for the defendants.

BROCK, J. The plaintiffs appeal from a decree of the superior court affirming the Town of Greenland Zoning Board of Adjustment's denial of building permits for their subdivision. *See* RSA 31:77 (Supp. 1981).

After trial and a view, the Master (*Mayland H. Morse,* Esq.) found that the plaintiffs had failed to prove that the zoning board's decision was unreasonable or unlawful pursuant to RSA 31:78 (Supp. 1981), and his recommendation that the zoning board's decision be affirmed was approved (*Temple,* J.). We affirm in part, reverse in part, and remand.

The plaintiffs own real estate in Greenland, New Hampshire. In December 1973, the town planning board approved a subdivision plan for the plaintiffs' property, and the plaintiffs recorded the plan. At that time and until November 5, 1974, the plaintiffs' entire tract was in a zone requiring a minimum lot size of 20,000 square feet. The plaintiffs, who had anticipated a forthcoming zoning amendment which would increase the minimum lot size requirement, divided their tract into eighteen lots of more than 30,000 square feet each. They sold two of those lots before November 5, 1974.

On November 5, 1974, the town adopted a zoning amendment which increased the required minimum lot size from 20,000 square feet to 60,000 square feet and the required frontage from 100 to 200 feet. Prior to the adoption of this amendment, a protest petition was filed pursuant to RSA 31:64 (Supp. 1981). At the town meeting, the moderator did not rule on the validity of the protest petition. The town voted in favor of the amendment by a simple majority, less than the two-thirds vote which would have been required to enact the amendment if the protest petition had been deemed valid.

Upon the request of a number of interested citizens, the moderator later ruled upon the validity of the protest petition, and declared it procedurally defective and invalid, thereby determining that the zoning amendment had been properly adopted. Rye

Development Company, Inc., not a party to the present action, in a separate case appealed the moderator's decision to the superior court. In *Rye Development Co., Inc. v. Town of Greenland*, Rockingham Superior Court ## 50-75, decided on remand from ruling in *Rye Dev. Co. v. Town of Greenland*, 116 N.H. 520, 363 A.2d 427 (1976), the superior court upheld the moderator's decision. The plaintiffs in the present case were not parties to that proceeding.

While the plaintiffs had not constructed any buildings on their subdivision prior to the enactment of the 1974 amendment, they had prepared the land for construction by clearing it, building a rough road to serve the subdivision sites, and digging drainage ditches. In 1978, they installed the pipelines and connections to the public water system, and continued to improve the rough road. Thereafter, they applied to the Zoning Board of Adjustment for building permits. The board denied the permits on the ground that the plaintiffs' lots did not meet the minimum lot and frontage requirements imposed by the November 5, 1974, zoning ordinance and that the plaintiffs failed to show that they were entitled to a variance.

On appeal, the plaintiffs argue that the zoning amendment upon which the zoning board relied, in denying their building permits, was invalid because it was adopted by a simple majority vote after a valid protest petition had been filed under RSA 31:64 (Supp. 1981); and that, even if the amendment was properly adopted, it was in violation of the stated purposes of the zoning enabling act, RSA 31:60, and unconstitutional as applied to them because it unreasonably and arbitrarily violated their vested rights. In the alternative, the plaintiffs argue that the zoning amendment did not apply to them and that they should have been granted the building permits because their rights in the completion of the original building project had vested. Finally, they argue that they were entitled to a variance.

The town responds, claiming that the plaintiffs cannot relitigate the issue of the procedural validity of the zoning amendment because their action is barred by the doctrines of res judicata and collateral estoppel. The master agreed with the town and declined to rule on the issue of the validity of the zoning amendment. He further ruled that the zoning amendment was lawful on its face and as applied to the plaintiffs; that the plaintiffs had acquired no vested rights in the original subdivision; and that the zoning board's denial of a variance was reasonable.

Neither res judicata nor collateral estoppel applies to persons who were not parties nor in privity with a party to previous

litigation in which an issue was decided. *See Scheele v. Village District of Eidelweiss*, 122 N.H. 1015, 1019, 453 A.2d 1281, 1284 (1982). Unlike governmental entities such as a town, a plaintiff who has never before challenged the validity of a zoning amendment has the right to litigate the issue, even though the validity of the zoning amendment may have been an issue which went to judgment in litigation between the governmental entity and other parties. *See Cutter v. Town of Durham*, 120 N.H. 110, 111, 411 A.2d 1120, 1121 (1980). Because the master erred in declining to rule upon the validity of the zoning amendment, we remand for a hearing on that issue.

■ The plaintiffs next argue that the substance of the zoning amendment, which increased the minimum lot size, was beyond the scope of the zoning enabling act, RSA 31:60. We disagree. The master held that the amendment was in accordance with RSA 31:60 because, by increasing the minimum lot size, it promoted the accepted purpose of preventing overcrowding of the land. *See* RSA 31:62. The legislature has granted localities broad authority to zone in order to promote public health, safety, morals, and general welfare. *See* RSA 31:60; *Beck v. Town of Raymond*, 118 N.H. 793, 796, 394 A.2d 847, 849 (1978).

■ The town's stated reason for adopting the zoning amendment in question was its concern for pollution. Because of unfavorable soil conditions and high population density, septic tanks had been malfunctioning in certain areas of the town, and the town had decided to increase the lot size requirement. In addition, the zoning amendment is consistent with a previously adopted master plan for the town's development of a waste disposal system. *See* RSA 31:62-b (Supp. 1981); *Conway v. Town of Stratham*, 120 N.H. 257, 259, 414 A.2d 539, 540 (1980); *Beck v. Town of Raymond*, 118 N.H. at 801, 394 A.2d at 852.

The plaintiffs further contend that they have acquired vested rights in the completion of their original subdivision. They argue that their situation is similar to that in the case of *Henry and Murphy, Inc. v. Town of Allenstown*, 120 N.H. 910, 912, 424 A.2d 1132, 1133-34 (1980), because they had completed a substantial portion of the improvements contemplated by their project before the zoning amendment was adopted, and had thus irrevocably committed the entire subdivision to development according to their plan for smaller lots.

■ The master disagreed with the plaintiffs and concluded that the site improvements, which they had made before the zoning change took effect, were of a preliminary nature involving only

preparatory work. Additionally, the master found that they could still proceed with their building project by subdividing the remaining sixteen lots into eleven lots, which would comply with the zoning ordinance. Because the master's decision was reasonable and based on sufficient evidence, we affirm. *Murphy v. Bateman*, 121 N.H. 748, 750, 433 A.2d 1330, 1331 (1981).

 The plaintiffs finally contend that the trial court erred in upholding the board's denial of the plaintiffs' requested variance. *See Assoc. Home Util's, Inc. v. Town of Bedford*, 120 N.H. 812, 816, 424 A.2d 186, 189 (1980). The master ruled that because the plaintiffs failed in their burden of proving hardship, the zoning board correctly decided that the plaintiffs were not entitled to a variance. *See Rowe v. Town of Salem*, 119 N.H. 505, 507, 403 A.2d 428, 429 (1979). There was sufficient evidence upon which the master could have reasonably based his decision in this regard, and we hold that he did not err. *See Murphy v. Bateman*, 121 N.H. at 750, 433 A.2d at 1331. We have considered the remainder of the plaintiffs' arguments and conclude that they have no merit.

*Affirmed in part; reversed in part; remanded.*

All concurred.