Hillsborough
No. 88-498

DONALD AND WENDY CROSSLEY

v.

TOWN OF PELHAM & a.

May 24, 1990

*Michael L. Donovan*, of Concord, by brief and orally, for the plaintiffs.

*Currier, Zall, Durmer & Shepard*, of Nashua (*Paul J. Bennett* and *Robert M. Shepard* on the brief, and *Mr. Shepard* orally), for the defendants John and Margaret Ogonowski.

*Upton, Sanders & Smith*, of Concord, for the defendant Town of Pelham, filed no brief.

MEMORANDUM OPINION

SOUTER, J.   The Superior Court (*R. Peter Shapiro*, Esq., Master; *Groff*, J.) affirmed the existence of hardship necessary to sustain the Pelham Zoning Board's award of a zoning variance to the individual defendants. We reverse.

In 1981 the defendants John and Margaret Ogonowski purchased a lot with dwelling and one-car garage at 143 North Shore Drive in Pelham, on the edge of Little Island Pond. The lot was nonconforming, having only one-third of the one-acre minimum size required by

the town zoning ordinance, and only one-half of the minimum two-hundred-foot frontage. After living there for five years, the Ogonowskis removed the garage. Instead of replacing it with a structure of like size, as the ordinance would have permitted, they proposed to build a two-car garage twice the width and height of the old one. To do this, they needed a zoning variance, because of their lot's nonconforming status. Their neighbors, and present plaintiffs, Donald and Wendy Crossley, opposed their petition to the town zoning board, and when this was granted the Crossleys appealed to the superior court under RSA 677:4, where they were unsuccessful, and finally to this court.

■ The Crossleys' burden in the superior court was to overcome the statutory presumption that the municipal action was "prima facie lawful and reasonable," RSA 677:6, by demonstrating that it was either erroneous as a matter of law or unreasonable on a "balance of probabilities," *id.* One issue on appeal was the adequacy of the local board's finding that the Ogonowskis had satisfied the statutory requirement for a variance, that unnecessary hardship would otherwise result from enforcement of the ordinance against them. RSA 674:33, I(b). Contrary to the superior court, we conclude that the Crossleys did demonstrate that the local board erred as a matter of law in finding this condition satisfied.

■■ Our prior cases have devoted considerable attention to the requisites of unnecessary hardship, which must arise not from the personal circumstances of the owner, *Assoc. Home Util's, Inc. v. Town of Bedford,* 120 N.H. 812, 817, 424 A.2d 186, 190 (1980), but from some unique condition of the parcel of land distinguishing it from others in the area, *id.,* 424 A.2d at 189–90, and bar any reasonable use of the land consistent with literal enforcement of the ordinance. *Governor's Island Club v. Town of Gilford,* 124 N.H. 126, 130, 467 A.2d 246, 248 (1983). With respect to hardship so understood, we are at a loss to find any support for the Ogonowskis in the record before us, which reveals no adversity arising from a characteristic unique to the lot, and no bar to reasonable use consistent with the ordinance; assuming that any hardship has been proven, it is merely a product of Mr. Ogonowski's personal circumstances.

The master found that in the residential zoning district surrounding Little Island Pond, approximately two hundred shore lots suffered from some nonconformity of size or configuration. If then, there were unnecessary hardship within the meaning of RSA 677:4 in barring the Ogonowskis from building a two-car garage, it would

follow that two hundred of their neighbors around the pond could perfect identical claims. It is difficult to imagine a set of facts less apt to satisfy the condition that hardship be unique to the applicant's parcel, distinguishing it from others in the area.

Nor is there any basis to find that requiring the Ogonowskis to dwell at the side of the pond without a two-car garage would deprive them of all reasonable use of the property. They lived there without a two-car garage for five years and could, indeed, occupy the house for its permitted residential purpose without any garage at all.

As against these conclusions, the Ogonowskis press the master's finding that a garage is necessary to keep Mr. Ogonowski's car free from snow and ice, to enable him to make fast and unanticipated wintertime trips to the site of his job as an airline pilot called upon to make emergency flights. How this finding argues for anything beyond a one-car garage, however, escapes us. In any event, the finding establishes nothing more than a need personal to the landowner and is thus insufficient as a matter of law to satisfy the requirement of unnecessary hardship.

*Reversed.*

All concurred.