Crossley v. Pelham                    CV-94-322-M   05/23/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Donald E. Crossley,
 and Wendy C. Crossley


        v.                              #C-94-322-M


Town of Pelham and
 John E. Tucker


### ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Town of Pelham and John E. Tucker, individually and in his capacity as Pelham Town Planner, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure have moved for judgment on the pleadings.


BACKGROUND

The plaintiffs, husband and wife, reside at South Shore Drive on Little Island Pond, in Pelham, New Hampshire.

Plaintiffs' property is part of a neighborhood of 52 residences, most of which at one time were seasonal dwellings.

Litigation between the parties has been long, contentious and acrimonious as evidenced from the pleadings.

Defendant Town of Pelham in June, 1991 filed a Petition for Preliminary and Permanent Injunction in Hillsborough County Superior Court against the plaintiffs. The petition alleged that the

plaintiffs had violated zoning, building and health regulations by "converting" their cottage from seasonal to year-round residency and by occupying the cottage on a year-round basis. The petition sought to temporarily and permanently enjoin the occupancy of the cottage. Plaintiffs further allege that the Town had not notified them of the zoning and building code violations prior to filing the petition.

Plaintiffs allege that the petition was commenced without probable cause, without knowledge that the plaintiffs had violated zoning and building codes, maliciously in retribution for the plaintiffs'` success in a 1987 zoning variance appeal and with malice and bad faith because of Donald Crossley's outspoken criticism of the Town's administration of planning and zoning matters.

Plaintiffs further allege that the Town had established a pattern of non-enforcement of its regulations relative to conversion of seasonal dwellings that was so systematic as to constitute an official policy of non-enforcement, that it was selective against the plaintiffs and was intentional.

Plaintiffs have brought this action pursuant to 42 U.S.C. § 1983, succinctly stated are equal protection violations relative to the zoning ordinance enforcement, building code enforcement, and health code enforcement. Plaintiffs also seek

2

recovery for malicious prosecution under the Fourteenth Amendment, negligent supervision under the Fourteenth Amendment violation of First Amendment rights, state law claims for malicious prosecution and negligent supervision.

The defendants in this motion allege plaintiffs' claims are barred by the doctrine of res judicata and their failure to set forth the essential elements necessary to support their claims and present a substantial federal question.

Attached to defendants' motion is an order of Judge Hampsey from the Southern District of Hillsborough County dated July 9, 1993 and an undated consent decree.

The parties entered into the consent decree agreeing that the plaintiffs could not occupy the cottage in question until a septic system was installed, electrical, plumbing and building code violations were corrected, a new water service installed and the meeting of state and local health codes.

Judge Hampsey at page 8 of his order found that section 103.3 of the Pelham Building Code is controlling as the defendants asserted. Further, that by the plain language of this section, the building code requirements are not applicable to unaltered portions of the residence.

STANDARD OF REVIEW RULE 12(c) MOTIONS

Fed. R. Civ. P. 12(c)-Motion for Judgment on the Pleadings-provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Further, all facts and reasonable inferences thereof must be taken as pled in the complaint and viewed in the light most favorable to the moving party, WRIGHT & MILLER § 1368.  The objective of Rule 12 is to expedite and simplify the pretrial phase of federal litigation while at the same time promoting the just disposition of the case.  WRIGHT & MILLER § 1342.

With the above principles in mind, the court reviews the specifics of defendants' motion.

DISCUSSION: RES JUDICATA

Defendants contend that plaintiffs' discriminatory enforcement claim is barred by the doctrine of <u>res judicata</u>.

The doctrine of <u>res judicata</u> precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same

4

parties for the same cause of action.  In Re Alfred P., 126 N.H. 628, 629 (1985).  The doctrine of res judicata has no application to a later case unless the cause of action is the same in both the earlier and the later cases.  Id. at 630.

It is now settled that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.  Migra v. Warren City School District Board of Education, 465 U.S. 75, 81 (1984).  State law governs the application of the doctrine of res judicata.  Roy v. Augusta, 712 F.2d 1517 (1st Cir. 1983).  Res judicata bars causes of action, not types of damages recoverable under some other claim not subject to adjudication in the tribunal rendering the judgment. Scarfo v. Cabletron Systems, Inc., slip op. at page 61 (1st Cir., May 12, 1995).

There is no mandatory rule or statute requiring mandatory counterclaims in New Hampshire.  4 N.H. PRACTICE, Weibusch, Civil Practice and Procedure, Sec. 374 (e):

In the instant case, the Town of Pelham's petition for injunctive relief was limited to specific facts in which the current plaintiffs in this action were deemed to have violated zoning, building and health regulations.  The Section 1983 amended complaint against the Town of Pelham alleged violations

5

of constitutional and state law including violation of the First Amendment, Equal Protection Clause, malicious prosecution, and negligent supervision. See Crossley v. Pelham, 133 N.H. 215 (1990) (where the plaintiffs won a prior zoning case between the parties). The two actions are not similar.

Moreover, defendant Tucker's reliance upon the doctrine of collateral estoppel as support for his motion for judgment on the pleadings is misplaced. Given that Tucker is being sued as both an individual and in his official capacity, he was not a party to the superior court proceeding for injunctive relief. Collateral estoppel precludes the relitigation by a party in a later action of any matter actually litigated in a prior action in which he or someone in privity with him was a party. Caouette v. New Ipswich, 125 N.H. 547, 554-55 (1984). Such is not the case here.

The doctrines of res judicata and collateral estoppel are not apposite and defendants' motion to dismiss on these bases is denied.

DISCUSSION: MALICIOUS PROSECUTION

The majority of courts require a federal plaintiff to prove the elements of malicious prosecution under state law. Torres v. Superintendent of Police, 893 F.2d 404, 409 (1st Cir. 1990).

6

The essence of an action for malicious prosecution has been stated succinctly as follows:  "A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure."  <u>MacRae v. Brant</u>, 108 N.H. 177, 179 (1967).

Further, Restatement Second - Torts, section 653 states:

> A private person who initiates or procures the institution <u>of criminal proceedings</u> against another who is not guilty of the offense charged is subject to liability for malicious prosecution if
>
> (a)  he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and
> (b)  the proceedings have terminated in favor of the accused.

In the case at hand, the defendants did not institute any criminal proceedings against the plaintiffs.  A malicious prosecution suit or count is thus not appropriate under the circumstances of this case.

The count alleging malicious prosecution is dismissed as to the state and federal claims.


DISCUSSION: SUBSTANTIAL FEDERAL QUESTION

In the last issue raised in defendants' motion to dismiss, defendants contend that plaintiffs have failed to present a substantial federal question.

In <u>Nestor Colon Medina & Sucesores, Inc. v. Custodio</u>, 964 F.2d 32, 4O, 41 (1st Cir. 1992) the court stated that it had never had occasion to consider whether the denial of a land use permit in unjustifiable retaliation for the applicant's expressions of his political views is a First Amendment violation.  However, the court went on to state that Cerame Viva's First Amendment claim concerning denial of the residential permits was pleaded with sufficient particularity to entitle him to survive summary judgment at the current stage and to conduct further discovery.

In this case the plaintiffs have sufficiently pled facts to withstand summary dismissal of a substantial federal question, and thus they will be allowed to progress forward on that claim.

May 23, 1995

                            _____
                            Martin F. Loughlin
                            Senior Judge

Michael Donovan, Esq.
Barton Mayer, Esq.