Rockingham
No. 79-316

SUSAN CONWAY

v.

TOWN OF STRATHAM

April 16, 1980

*Casassa, Mulherrin & Ryan*, of Manchester (*John J. Ryan* orally), for the plaintiff.

*Shute, Engel & Frasier*, of Exeter (*Francis J. Frasier* orally), for the defendant.

KING, J.  The plaintiff challenges the validity and application of the town of Stratham's "slow-growth" ordinance that limits the number of lots that may be approved by the town's planning

board. After plaintiff's subdivision plan was rejected on the basis of that ordinance, she brought a petition for declaratory and injunctive relief. The Court (*Mullavey,* J.) denied relief and reserved and transferred the plaintiff's exceptions. We affirm.

Plaintiff is the owner of certain real estate in the town of Stratham (hereinafter town). In March 1979, the plaintiff submitted a fifteen-lot subdivision plan to the town's planning board. At its annual meeting on March 13, 1979, after public hearings and a planning board recommendation of approval, the town passed amendments to the zoning ordinance and subdivision regulations which were designed to regulate growth. Plaintiff's subdivision plan was subsequently rejected because it did not conform to the new amendments. Plaintiff brought this action seeking to have the 1979 amendments declared illegal and unenforceable.

Plaintiff argues that growth cannot be severely restricted unless it creates a problem for the town and unless the particular land use control is preceded by a carefully designed community land use plan. Plaintiff alleges that the town's zoning and subdivision regulations do not comply with these requirements and are, therefore, illegal and unenforceable.

■■ The legislative body of any city or town is empowered to regulate and restrict the density of population and the size, location and use of buildings and land. RSA 31:60; *Beck v. Town of Raymond,* 118 N.H. 793, 796, 394 A.2d 847, 849 (1978). This power "necessarily implies the authority to direct and control population growth." *Beck v. Town of Raymond, supra* at 796, 394 A.2d at 849. Towns may therefore adopt reasonable time controls on population growth if they properly exercise the zoning power delegated to them by the legislature under RSA 31:60–89. *Id.* RSA 31:62 requires towns to regulate growth "in accordance with a comprehensive plan." *Id.; see Patenaude v. Town of Meredith,* 118 N.H. 616, 392 A.2d 582 (1978). "A carefully designed community land use plan is the basis for land use control . . ." because "[i]t provides a community with distinct, articulated goals." *Beck v. Town of Raymond, supra* at 800, 394 A.2d at 851–52.

■ To require a comprehensive plan prior to implementation of temporary growth controls would allow uncontrolled growth to flourish during the period of the plan's formulation. A slow-growth ordinance, therefore, may be valid as a temporary measure to

allow a town reasonable time to develop a master or comprehensive plan and to provide for phasing in growth. *Beck v. Town of Raymond, supra* at 801, 394 A.2d at 852. The legislature substantially codified this position in RSA 31:62-b (Supp. 1979) which provides:

> In unusual circumstances requiring prompt attention and for the purpose of developing or altering a growth management process . . . or a master plan or capital improvement program, a city or town may adopt an ordinance imposing interim regulations upon development . . . .

The ordinance in the instant case, although within the early stages of development, provides for normal growth in an orderly and rational manner and provides for the establishment of a "sounding board" working with the planning board for the promotion of and development of a comprehensive plan. The ordinance is also effective for only one year and will be subject to revision by the town. This is consistent with our decision in *Beck v. Town of Raymond, supra* at 800–01, 394 A.2d at 852. At this time and under these circumstances, we uphold the validity of this zoning ordinance only as a temporary measure.

■ We note, however, that under RSA 31:62-b (Supp. 1979), such restrictions may last no more than one year without a master plan of community development. On August 4, 1979, RSA 31:62-b (Supp. 1979) became effective and thereby placed the town on notice that growth regulation without a master plan could not continue beyond one year. We hold, therefore, that the town must implement a master plan by August 4, 1980, if it is to continue to regulate and control the timing of development.

The plaintiff also argues that the 1979 zoning amendments enacted by the town are illegal because they impose restrictions upon the number of lots that the planning board can approve, and thereby usurp the board's jurisdiction. *See* RSA 36:19 *et seq.; Levasseur v. Board of Selectmen,* 116 N.H. 340, 358 A.2d 665 (1976). We find no merit in this argument.

■ As we recognized in *Beck v. Town of Raymond supra,* the town has the power to regulate growth through its zoning power. *Id.* at 796, 394 A.2d at 849. The legislature has affirmed this decision by enacting RSA ch. 31 granting the growth control

power to the town. Consequently, because the legislature has granted the town authority to restrict growth, and because that authority necessarily limits the power of the planning board, we conclude that a slow-growth ordinance, such as the one in the instant case, does not improperly infringe upon the jurisdiction of the town of Stratham's planning board.

*Affirmed.*

All concurred.