Hillsborough-northern judicial district
No. 2004-849

WEARE LAND USE ASSOCIATION

v.

TOWN OF WEARE & a.

Argued: March 16, 2006
Opinion Issued: May 18, 2006

*Sumner F. Kalman, Attorney at Law, P.C.*, of Plaistow (*Thea S. Valvanis* and *Sumner F. Kalman* on the brief, and *Mr. Kalman* orally), for the plaintiff.

*Boutin & Associates, P.L.L.C.*, of Londonderry (*Brenda E. Keith* on the brief and orally), for the defendants.

HICKS, J. The plaintiff, Weare Land Use Association (Association), appeals a decision of the Superior Court (*Mangones,* J.) upholding the validity of an interim growth management ordinance adopted by defendant Town of Weare (town). We affirm and remand.

The trial court found the following relevant facts. On March 9, 2004, the town adopted an interim growth management ordinance (ordinance), which for a one-year period beginning on March 9, 2004, prohibited defendant Town of Weare Planning Board (board) or Zoning Board of Adjustment (ZBA) from formally accepting or acting upon "any site plan applications for single family housing, multi-family housing, mobile home parks or condominiums proposed ... or any other major subdivision applications creating a total of more than 3 lots." (Quotation omitted.) The ordinance applied to applications formally accepted after March 9, 2004, but not to those that were formally accepted prior to that date. The ordinance also limited to sixty the number of building permits that the town could issue for new dwellings during the one-year period.

In response to the adoption of the ordinance, the Association brought a petition for declaratory judgment, bill in equity, and request for a preliminary and permanent injunction, alleging that the ordinance was

illegal, unconstitutional and void both facially and as applied. The Association moved for summary judgment, while the town filed a motion to dismiss. After a hearing, the trial court issued an order denying both the town's motion to dismiss and the Association's motion for summary judgment as to its facial challenge. The court deferred without prejudice the Association's as-applied challenges, and declined to address its substantive due process claims. Subsequently, the trial court issued an order stating that the "Association withdraws any 'as applied' claims" concerning the ordinance and that the previous order was the court's "concluding determination" on "the other issues as addressed in that order."

On appeal, the Association argues that the trial court erred by failing to void the ordinance as an "ultra vires" enactment that exceeded the statutory authority included in RSA 674:23 (Supp. 2005). The Association argues that the ordinance violated rights conferred by "RSA 676:4 I(c)(1) which gives land owners the unequivocal right to have a completed application 'accepted' by formal vote protecting the application/plan from subsequently posted zoning ordinance changes pursuant to RSA 676:12 VI." The Association also argues that the ordinance is unconstitutional under the substantive due process rational basis test "in that the extent of the restriction beyond the building permit limitation bears no reasonable relationship to the legitimate limited objective of an 'interim regulation' controlling growth due to 'unusual circumstances' and unduly restricts fundamental rights."

*I. Validity Of The Ordinance*

The Association argues that the ordinance is invalid because RSA 674:23 does not authorize the town "to suspend the legal protection and effect of RSA 676:4 and 676:12 nor deny access to the Board of Adjustment." Specifically, the Association urges that the ordinance is an ultra vires enactment in derogation of the putatively superseding "rights" prescribed in RSA 676:4 and RSA 676:12.

We are the final arbiter of the meaning of a statute as expressed by the words of the statute itself. *Fillmore v. Fillmore*, 147 N.H. 283, 285 (2001). We look to the plain and ordinary meaning of the words used in the statute and will not examine legislative history unless the statutory language is ambiguous, consider what the legislature might have said, or add words not included in the statute. *Monahan-Fortin Properties v. Town of Hudson*, 148 N.H. 769, 771 (2002). We interpret a statute to lead to a reasonable result and review a particular provision, not in isolation, but together with all associated sections. *Fillmore*, 147 N.H. at 285. The legislature will not be presumed to pass an act leading to an absurd result

and nullifying, to an appreciable extent, the purpose of the statute. *State v. Kay*, 115 N.H. 696, 698 (1975). We review the trial court's interpretation of the statute *de novo. Monahan-Fortin Properties*, 148 N.H. at 771.

After defining what constitutes a completed application in section I(b), RSA 676:4, I(c)(1) (Supp. 2005) states, in pertinent part, that "[t]he board shall, at the next regular meeting or within 30 days following the delivery of the application, ... determine if a submitted application is complete according to the board's regulation and shall vote upon its acceptance." RSA 676:12, VI (Supp. 2005) states, in pertinent part, that "[n]o proposed subdivision or site plan review or zoning ordinance or amendment thereto shall affect a plat or application formally accepted by the planning board pursuant to RSA 676:4, I(b) so long as said plat or application was accepted prior to the first legal notice of said change or amendment."

The ordinance in question was adopted under RSA 674:23, I, which provides that a town "may adopt an ordinance imposing interim regulations upon development" where "unusual circumstances requiring prompt attention" exist. The Association claims that the ordinance exceeds the authority of RSA 674:23 in that it prevents applications from being accepted under RSA 676:4, thereby denying them the protections afforded by RSA 676:12.

In rejecting the Association's argument, the trial court stated:

> The purpose of the interim growth management ordinance, RSA 674:23, as previously codified at RSA 31:62-b, is to provide "a town [with] reasonable time to develop [or alter] a master or comprehensive plan and to provide for phasing in growth." *Conway [v. Town of Stratham*, 120 N.H. 257, 258-59 (1980)]; RSA 674:23, I (Supp. 2003). This purpose would likely be defeated if RSA 676:4, I(c)(1), and RSA 676:12, VI—both of which concern plats or applications that have been formally accepted by the Planning Board—were interpreted in the manner suggested by the Association. Moreover, interpreting RSA 676:4, I(c)(1), and RSA 676:12, VI, in that fashion would have the effect of rendering RSA 674:23 rather meaningless. The Court "will not interpret the statute to produce such an illogical result." *Appeal of Soucy*, 139 N.H. 110, 116 (1994) (quotation omitted).

We agree with the trial court's statutory interpretation.

The Association argues that it is improper to rely upon *Conway v. Town of Stratham* because it "is dead letter." Specifically, the Association contends that the instant case turns on RSA 676:4, which was enacted in 1983, three years after *Conway* was decided. In *Conway*, we upheld the validity of a slow-growth ordinance enacted pursuant to RSA 31:62-b,

which was the predecessor to RSA 674:23. *Conway*, 120 N.H. at 259. The enactment of RSA 676:4 has no effect upon our holding in *Conway*. On the contrary, the ordinance enacted by the Town complies with principles enumerated in *Conway*. *Id.* (upholding the validity of a slow growth ordinance as a temporary measure, when it lasts for no more than one year towards the purpose of developing a comprehensive plan).

█ Nowhere in RSA 674:23 does the legislature restrict which types of regulations may be used to carry out the above-stated purpose of the statute. Furthermore, the trial court correctly concluded that the Association's interpretation of RSA 676:4, I(c)(1) and RSA 676:12, VI "would have the effect of rendering RSA 674:23 rather meaningless." We therefore hold that the ordinance, enacted pursuant to RSA 674:23 and in accordance with our decision in *Conway*, is valid, and not ultra vires. We continue to recognize that interim growth ordinances are appropriate "temporary measure[s]" to control growth. *Conway*, 120 N.H. at 259.

## II. Substantive Due Process

The Association makes a substantive due process argument, contending that the ordinance is unconstitutional in that "the extent of the restriction beyond the building permit limitation bears no reasonable relationship to the legitimate limited objective of an 'interim regulation' controlling growth due to 'unusual circumstances' and unduly restricts fundamental rights." The trial court declined to address this claim because it could not "evaluate the Association's as applied challenges without more specific information about the nature and scope of the rights and/or titles that have allegedly been affected by the [interim growth management ordinance]." *See Dow v. Town of Effingham*, 148 N.H. 121, 124 (2002) (a substantive due process challenge to an ordinance questions the fundamental fairness of an ordinance both generally and in the relationship of the particular ordinance to a particular property under particular conditions existing at the time of litigation). Since all "as applied" claims were withdrawn, and the trial court never addressed the Association's substantive due process challenge, we decline to address it in the first instance. Because it is unclear from the record before us whether this claim was withdrawn or deferred below, we remand to the trial court for such further action, if any, as it deems appropriate.

*Affirmed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.