Hillsborough-southern judicial district
No. 2008-861

FERSON-LAKE, LLC

v.

CITY OF NASHUA

Argued: October 7, 2009
Opinion Issued: December 16, 2009

*Douglas, Leonard & Garvey, P.C.*, of Concord (*Benjamin T. King* on the brief and orally), for the petitioner.

*Office of Corporation Counsel*, of Nashua (*Stephen M. Bennett* on the brief and orally), for the respondent.

HICKS, J. The petitioner, Ferson-Lake, LLC, appeals an order of the Superior Court (*Groff*, J.) affirming a decision of the Nashua Planning Board (board) denying its site plan application for an elderly housing subdivision. We affirm.

The trial court found the following facts. The petitioner submitted a site plan application to the board for approval to build a five-unit elderly housing development. In August 2006, the board held a public hearing and denied the petitioner's proposal, citing both section 16-81 of the Nashua Land Use Code, which governs elderly housing, and section 16-450, which governs site plans generally. *See* NASHUA, N.H., REV. ORDINANCES ch. 190, art. III, div. 5, §§ 16-81, 16-450 (2005) [hereinafter NLUC]. The petitioner appealed to the superior court, contending that the board failed to address specifically the five criteria for elderly housing site plan approval under NLUC § 16-81(c)(2)-(6). The trial court agreed and remanded the case to the board to make specific findings.

In September 2007, following a second hearing, the board voted to deny the petitioner's proposed site plan because it did not satisfy NLUC § 16-81(c)(2). Specifically, the board found that the petitioner failed to comply with New Hampshire Administrative Rule, Hum 302.03 (expired 2006) (requiring housing facility to provide services and facilities to meet physical or social needs of older persons or meet exemption from such requirements) as required under NLUC § 16-81(c)(2). The petitioner again appealed to the trial court, arguing that the board's finding was erroneous because the New Hampshire Human Rights Commission has the exclusive responsibility to enforce Hum 302.03. The trial court affirmed, ruling that the board properly found that the petitioner did not comply with Hum 302.03 as required by NLUC § 16-81(c)(2) and RSA 354-A:15 (2009).

On appeal, the petitioner argues that: (1) the trial court erred in affirming the board's denial of its application on the ground that it did not satisfy NLUC § 16-81(c)(2); (2) enforcement of Hum 302.03 is vested solely in the New Hampshire Human Rights Commission and that the board, therefore, exceeded its authority in attempting to enforce the regulation; and (3) even if the board could enforce Hum 302.03, the regulation had expired prior to the second hearing on the site plan application. It does not appear from the record, however, that the petitioner asserted this claim at

trial or in its notice of appeal. As a result, we do not consider it. *See LaMontagne Builders v. Brooks*, 154 N.H. 252, 258 (2006). Finally, the petitioner requests that we remand the case to the trial court for consideration of its request for attorney's fees.

Our review of the trial court's decision is deferential. *Derry Senior Dev. v. Town of Derry*, 157 N.H. 441, 447 (2008). We will uphold its decision on appeal unless it is unsupported by the evidence or legally erroneous. *Id.* Superior court review of planning board decisions is equally limited. *Id.* The superior court is obligated to treat the factual findings of the planning board as *prima facie* lawful and reasonable and cannot set aside its decision absent unreasonableness or an identified error of law. *Id.* The appealing party bears the burden of demonstrating that, by the balance of probabilities, the board's decision was unreasonable. *Id.* The review by the superior court is not to determine whether it agrees with the planning board's findings, but to determine whether there is evidence upon which they could have been reasonably based. *Id.*

The petitioner contends that the board erroneously interpreted NLUC § 16-81(c)(2). "Interpretation of a zoning ordinance requires us to determine the intent of the enacting body. We use the traditional rules of statutory construction when interpreting zoning ordinances. Thus, the words used in a zoning ordinance will be given their ordinary meaning unless it appears from their context that a different meaning was intended. We determine the meaning of a zoning ordinance from its construction as a whole, not by construing isolated words or phrases." *Feins v. Town of Wilmot*, 154 N.H. 715, 719 (2007) (citations and quotations omitted).

NLUC § 16-81(c) designates the requirements for an application for elderly housing under the Nashua Land Use Code. NLUC § 16-81(c)(2) contains a certification requirement. It provides in part:

> The applicant shall certify at the time of an application before the Planning Board that a development will comply with all applicable rules and regulations established by the New Hampshire Human Rights Commission, for age discrimination in housing, including, if required by the Human Rights Commission, that every development shall provide significant facilities and services specifically designed to meet the physical and social needs of older persons, or if the provision of such facilities and services is not practicable, that such housing is necessary to provide important housing opportunities for older persons, as set forth in the N.H. Administrative Rules Hum 302.03, as the same may from time to time be amended.

The petitioner asserts that this language is "clear and unambiguous" and "requir[es] nothing more than a certification by the applicant that it will comply with applicable human rights commission regulations if required to do so by the Commission." It contends that an applicant does not have to demonstrate actual compliance with the human rights commission regulations. Prior to the first hearing, the petitioner sent a certification letter stating that it would comply with all applicable rules and regulations of the human rights commission if required by the commission. The petitioner, thus, contends it satisfied the certification requirement under NLUC § 16-81(c)(2).

The respondent, City of Nashua, argues that when the certification requirement is read in the context of the entire elderly housing ordinance, it becomes clear that certification for the purposes of NLUC § 16-81(c)(2) requires proof that the housing project will comply with applicable rules and regulations when constructed. The city characterizes the petitioner's letter to the board as "an empty promise" that would leave the city, local residents and future owners of the housing units without recourse should the human rights commission subsequently determine that the project did not meet the applicable regulations.

■ NLUC § 16-81 is intended "to foster development of housing alternatives for older persons with the basic supportive facilities and services." NLUC § 16-81. To this end, NLUC § 16-81 provides, "Housing developed in this section must be established and maintained in compliance with all applicable state and federal laws with respect to such housing and/or medical care, including . . . RSA 354-A:15 and the N.H. Code of Administrative Rules, Hum 300 et seq." *Id.* When read together with NLUC § 16-81(c)(2), this provision makes clear that the certification requirement demands proof that the housing project will comply with applicable rules and regulations when constructed. To rule otherwise would require the board to approve a site plan that it reasonably concludes will violate human rights commission regulations.

■ The petitioner's proposal to build elderly housing indicated that the provision of elderly facilities and services was not practicable at the proposed project site. The letter also stated that the project was necessary to provide important housing opportunities for older persons. Accordingly, under NLUC § 16-81(c)(2), the petitioner had to meet the standards set forth in Hum 302.03 for important housing opportunities for older persons. The board, however, concluded that the petitioner failed to do so. If the board had to approve the site plan without ensuring compliance with Hum 302.03, the risk would exist that the human rights commission might determine later that the project did not adhere to the standards set forth

in Hum 302.03. Such determination would result in the city and local residents losing the benefits of legally compliant elderly housing — a result clearly not contemplated by the enacting body. *See Weare Land Use Assoc. v. Town of Weare*, 153 N.H. 510, 511-12 (2006) ("The legislature will not be presumed to pass an act leading to an absurd result and nullifying, to an appreciable extent, the purpose of the statute.").

■ Having concluded that certification for the purposes of NLUC § 16-81(c)(2) requires the petitioner to demonstrate compliance with Hum 302.03, we now address its second argument; that is, that the authority to enforce Hum 302.03 is vested exclusively in the human rights commission.

■ We disagree with the underlying premise of the petitioner's argument — that the board "enforced" Hum 302.03. In accordance with the certification requirement under NLUC § 16-81(c)(2), the board inquired into the petitioner's ability to meet the human rights commission regulations. Nothing in NLUC § 16-81 or the human rights commission regulations prohibited the board's inquiry. *See* N.H. ADMIN. RULES, Hum 302.03; NLUC § 16-81. Based upon a determination that the site plan application did not satisfy Hum 302.03, the board denied the petitioner's application. We do not characterize the board's denial of the petitioner's application as enforcement of Hum 302.03. Rather, as part of its function to review site plan applications, the board applied Hum 302.03 in determining whether the petitioner's site plan should be approved. In contrast, it is the responsibility of the human rights commission to enforce Hum 302.03 to prevent age discrimination. Indeed, the commission is vested with the power to enforce Hum 302.03 by means of issuing cease and desist orders, directing the extension of equal accomodations, and ordering compensatory damages and administrative fines. RSA 354-A:21, II(d) (2009). Because the petitioner's appeal focuses upon the board's authority to apply Hum 302.03 and not whether the petitioner met the requirements of this regulation, we need not address whether the petitioner satisfied the regulation.

In light of our holding affirming the trial court's decision, we need not address the petitioner's argument concerning attorney's fees.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and CONBOY, JJ., concurred.