Portsmouth Family Division
No. 2009-681

IN THE MATTER OF ROBIN SAWYER AND PATRICK SAWYER

Submitted: June 10, 2010
Opinion Issued: October 19, 2010

*Richard N. Foley*, of Portsmouth, by brief, for the plaintiff.

*Law Office of John A.M. Hinsman III*, of Dover (*John A.M. Hinsman III* on the brief), for the defendant.

HICKS, J. The defendant, Patrick Sawyer, appeals an order of the Portsmouth Family Division (*DeVries*, J.), recommended by the Marital Master (*Cross*, M.), granting a final domestic violence protective order to the plaintiff, Robin Sawyer. *See* RSA 173-B:5 (Supp. 2009). We affirm.

The relevant facts follow. The parties were married in 2007. On June 25, 2009, the plaintiff filed a domestic violence petition against the defendant. In response to the pre-printed statement on the petition form that "I am in immediate danger of abuse by the defendant. I base my request for protection from abuse on the following facts that occurred on the following dates, and ask the court to issue orders as noted below[,]" the plaintiff alleged:

> I was punched in my stomach and leg. Then I was choked and thrown to the floor[.] [H]e also threatened to drown [] me in the bath tub. He has punched close fisted me in the face and choked me until I have passed out. . . .

> On many occasions my husband has hit me[,] choked me and thrown me to the floor. On three occasions[,] he has threatened my life. As for verbal abuse[,] it is normally you are homely ugly why can't I look like I did when I was thirty. My husband needs medical attention as he has clinical depression. But he refuses to go for help. He had a stay in Elliot hospital in Manchester[.] He was diagnosed as Suicidal [and] Homicidal.

(Emphasis omitted.) The plaintiff did not specify the dates of the alleged abuse. The court issued an *ex parte* domestic violence temporary order of protection and scheduled a final hearing for July 16, 2009.

On July 6, 2009, the defendant filed a motion seeking to continue the July 16 hearing and consolidate it with his petition for legal separation. The plaintiff objected. On July 14, 2009, the trial court denied the defendant's motion, stating:

Motion denied in light of the Plaintiffs representation that the Defendant violated the Temporary Order and has been diagnosed as "suicidal and homicidal." Although the Court makes no conclusions about the accuracy of the representation, it is a cause of concern sufficient for the Court to require that the hearing go forward as scheduled.

At the ensuing hearing on the domestic violence petition, *see* RSA 173-B:3, VII (Supp. 2009), the defendant did not appear, but he was represented by his attorney. His attorney requested reconsideration of the motion to continue. The trial court denied his request, noting its concern "about the new allegations" in the plaintiff's objection. The defendant's attorney then argued that the plaintiff's petition was "legally insufficient as a matter of law" because it did not plead with sufficient specificity when the alleged abuse occurred. *See Tosta v. Bullis,* 156 N.H. 763, 767 (2008); *Fillmore v. Fillmore,* 147 N.H. 283, 286 (2001). Therefore, he contended, the final hearing should not "go forward." Without explicitly ruling on this argument, the court continued with the hearing.

The plaintiff testified, without objection, to the alleged abuse. She said that on June 16, 2009, the defendant grabbed her by her throat and threw her to the ground, and then chased her upstairs and punched her. She further stated that in May 2009, the defendant punched her in the stomach, punched her in the face, and punched her in the leg.

On July 22, 2009, the trial court issued a final protective order. *See* RSA 173-B:5. The defendant's motion for reconsideration was denied, and this appeal followed. On appeal, the defendant argues that: (1) the allegations in the petition were legally insufficient to support the issuance of the temporary protective order and to hold a final hearing due to the absence of any dates in the allegations; (2) the trial court's issuance of the temporary protective order and failure to dismiss the petition prior to the final hearing violated his due process rights; and (3) the trial court erred by denying his motion to continue and consolidate.

I

With respect to the defendant's first argument, he, in essence, moved to dismiss the plaintiff's petition; thus, we will consider his motion as we would a motion to dismiss. In considering "a motion to dismiss for failure to state a claim upon which relief may be granted, we assume the truth of the facts alleged by the plaintiff and construe all reasonable inferences in the light most favorable to" her. *Tosta,* 156 N.H. at 766 (quotation omitted). "We then engage in a threshold inquiry that tests the facts in the petition against the applicable law." *Id.* (quotation and brackets omitted). Where the facts

alleged by the plaintiff are reasonably susceptible of a construction that would permit legal relief, we will uphold the denial of a motion to dismiss. *See id.*

RSA chapter 173-B governs the protection of persons from domestic violence. The purpose of this chapter "is to preserve and protect the safety of the family unit for all family members by entitling victims of domestic violence to immediate and effective police protection and judicial relief." *Walker v. Walker*, 158 N.H. 602, 605 (2009) (quotation and ellipsis omitted).

Pursuant to RSA 173-B:3, I (2002), "[a]ny person may seek relief pursuant to RSA 173-B:5 by filing a petition, in the county or district where the plaintiff or defendant resides, alleging abuse by the defendant." Based upon this petition, a trial court may enter a temporary order, "[u]pon a showing of an immediate and present danger of abuse," to protect a plaintiff until a final hearing is held. RSA 173-B:4, I (2002). "Abuse," as that term is defined in RSA chapter 173-B, means "the commission or attempted commission" of certain enumerated acts, such as assault, criminal threatening or harassment, "by a family or household member . . . where such conduct constitutes a credible threat to the plaintiffs safety." RSA 173-B:1, I (2002) (amended 2010). Thus, to survive the defendant's motion to dismiss, the plaintiff needed to allege sufficient facts to support a finding that the defendant committed one of the acts enumerated in RSA 173-B: 1, I, and that this conduct constituted a credible threat to her safety.

The defendant does not dispute that the petition alleges one of the acts enumerated in RSA 173-B:1, I; namely, assault. Nevertheless, he maintains that the petition "was legally insufficient as a matter of law for its complete absence of any dates of the allegations." He contends that *Tosta* and *Fillmore* require the plaintiff to plead facts from which it could be found that the threshold misconduct prompting the domestic violence petition was not too distant in time. The defendant asserts that this requirement is necessary to determine whether the plaintiff was in immediate and present danger justifying the issuance of a temporary protective order. *See* RSA 173-B:4, I.

We find the petition susceptible of a reading supporting the conclusion that the defendant's conduct posed a credible threat to the plaintiff's safety. In response to the pre-printed statement on the petition form providing "I am in immediate danger of abuse by the defendant[,]" the plaintiff alleged that the defendant had hit and choked her "[o]n many occasions." She also alleged that "[o]n three occasions" he had threatened her life and that he "needs medical attention . . . [b]ut he refuses to go for help." These statements permit one to reasonably infer that the plaintiff was at risk of further abuse. These allegations are also sufficient to allow a

reasonable inference that the plaintiff was, as she alleged, "in immediate danger of abuse by the defendant," justifying the issuance of a temporary protective order.

*Fillmore* and *Tosta* are readily distinguishable. In *Fillmore*, we held the trial court erred in issuing a temporary protective order because the petitioner did not allege sufficient facts for a finding that she was in "immediate and present danger of abuse." *Fillmore*, 147 N.H. at 285 (quotation omitted). In her petition, she stated the defendant was in Canada, he did not have a history of violence, and he had hit her "many years ago"; she asked that he "be allowed to contact her at reasonable times to discuss child visitation and marriage counseling." *Id.* at 284-85. In contrast here, the plaintiff described specific types of abuse and alleged that she was in "immediate danger of abuse by the defendant."

In *Tosta*, we held that there was insufficient evidence at the hearing to support a finding that the defendant "was engaged in 'abuse' warranting a protective order," not that the pleadings themselves were deficient. *Tosta*, 156 N.H. at 768. Indeed, we rejected the defendant's argument that the pleadings were deficient, finding that they supported the conclusion that the defendant posed a credible and continuing threat to the plaintiff's safety. *Id.* at 767. The plaintiff alleged that the defendant had not only hit her "nine months ago," but had recently followed her while armed. *See id.* at 764, 767. This case is similar to *Tosta* in that the petition presented to the trial court contained sufficient allegations of fact to support a denial of the defendant's motion to dismiss.

While *Tosta* and *Fillmore* mandate that the misconduct prompting a domestic violence petition not be too distant in time, neither obliges a plaintiff seeking a temporary protective order to set forth the specific dates upon which he or she allegedly suffered abuse. Indeed, such a requirement would conflict with the intent of RSA chapter 173-B, which is to entitle such victims "to *immediate* and effective police protection and judicial relief." *Walker*, 158 N.H. at 605 (quotation omitted; emphasis added). We decline to read such a requirement into the relevant statutory scheme. *See In the Matter of Nassar & Nassar*, 156 N.H. 769, 778 (2008) ("We will not consider what the legislature might have said, or add language that the legislature did not see fit to include." (quotation omitted)).

Here, we conclude that the plaintiff's allegations were legally sufficient to withstand a motion to dismiss because they allowed a reasonable inference that the plaintiff was in "immediate and present danger" of abuse by the defendant. Accordingly, we hold that the trial court did not err in denying the defendant's motion to dismiss.

## II

The defendant next argues that the issuance of the temporary protective order and the trial court's failure to dismiss the petition because it lacked specific dates of alleged abuse violated his due process rights under Part I, Article 15 of the New Hampshire Constitution and the Fourteenth Amendment to the United States Constitution. The defendant compares RSA chapter 173-B cases to criminal cases in which we have articulated that Part I, Article 15 of the State Constitution requires an indictment to describe the offense with sufficient specificity to ensure that the defendant can prepare for trial. *See State v. Ericson*, 159 N.H. 379, 384 (2009). The defendant contends that the absence of any dates in the plaintiff's petition prevented him from presenting a time-based defense.

In criminal actions, we require that a complaint or indictment "contain the elements of the offense and enough facts to notify the defendant of the specific charges," but it "need not specify the means by which the crime was accomplished or other facts that are not essential to the elements of the crime." *Id.*; *see State v. Dixon*, 144 N.H. 273, 275-76 (1999) (upholding trial court's denial of bill of particulars where indictment alleged sexual assault had occurred over forty-four month period and did not give exact dates, because date of crimes was not an element). No more is required of a *pro se* petitioner in the domestic violence context. *See* RSA 173-B:3, I (requiring that "[n]otice of the pendency of the action and of the facts alleged against the defendant shall be given to the defendant").

Here, the petition alleged that the plaintiff was "in immediate danger of abuse by the defendant," and that the defendant had punched and choked her "[o]n many occasions" as well as thrown her to the floor. She also alleged that "[o]n three occasions" he had threatened her life and that he "needs medical attention . . . [b]ut he refuses to go for help." These allegations were sufficiently specific to ensure that the defendant could prepare for the hearing.

Even assuming, *arguendo*, that the defendant is correct that the petition did not adequately apprise him of the alleged abuse prior to the hearing, he will not prevail on his due process claim absent a showing of actual prejudice. *McIntire v. Woodall*, 140 N.H. 228, 230 (1995). The defendant has failed to make such a showing. At the hearing, the plaintiff testified to the specific dates of the alleged abuse. Thereafter, the defendant filed a motion for reconsideration in which he alleged a due process violation. However, he made no showing as to how not knowing the specific dates prior to the hearing caused him actual prejudice. The defendant did not present any evidence to indicate that he in fact had a time-based defense which he would have presented had he known the alleged dates prior to the hearing.

## III

The defendant contends that the trial court erred by denying his motion to continue and consolidate. He argues that the denial of his motion prejudiced him by denying him the opportunity to obtain information necessary to his defense, specifically, the dates of the alleged abuse. He further maintains that he was prejudiced by his absence at the hearing because he did not have the ability to consult with his counsel regarding the allegations in the plaintiff's objection to his motion.

■ "The trial court has broad discretion in managing the proceedings before it." *In the Matter of Conner & Conner*, 156 N.H. 250, 252 (2007). "We review a trial court's rulings in this area under an unsustainable exercise of discretion standard." *Id.* "We will disturb decisions about . . . motions to continue only if the defendant demonstrates that the decision was clearly unreasonable to the prejudice of his case." *State v. Larose*, 157 N.H. 28, 39 (2008).

■ Here, the defendant has failed to carry his burden. First, as we discussed above, the allegations in the petition are sufficiently specific to enable the defendant to prepare for the hearing. Further, the defendant had the opportunity to appear at the hearing to consult with counsel about the additional allegations contained in the plaintiff's objection and he failed to do so. Regardless, the defendant concedes that the plaintiff "did not testify to the [additional] allegations in her Objection" at the hearing. The defendant has not shown that the denial of his motion to continue and consolidate prejudiced his case. Accordingly, the trial court's denial was not an unsustainable exercise of discretion.

The plaintiff requests that she be awarded reasonable attorney's fees and costs for this appeal. Supreme Court Rule 23 permits:

> The clerk of the supreme court shall audit and allow bills of costs accruing in this court, and certify the costs to the trial court with the order made in the case. The following costs shall be allowed to the prevailing party: the entry fee, the actual cost of reproducing and binding the notice of appeal and any appendix, the actual cost of reproducing and binding the brief and any appendix, and cost of transcript.

> Costs will be deemed waived if a request for taxation of costs with itemization is not filed within 30 days after the date on the order in the case.

> In the interest of justice in extraordinary cases, but not as a matter of right, the supreme court in its sole discretion may award

attorneys' fees related to an appeal to a prevailing party if the appeal is deemed by the court to have been frivolous or in bad faith.

See *LaMontagne Builders v. Brooks*, 154 N.H. 252, 259 (2006).

■ The defendant contested the sufficiency of the domestic violence petition early in the proceedings. Prior to the final hearing, he moved to continue, in part, to obtain specific dates of the alleged abuse. At the start of the final hearing, he renewed his request for a continuance and contested the legal sufficiency of the plaintiff's petition. We find nothing in the record to indicate that the defendant acted frivolously or in bad faith, and, therefore, the interests of justice do not merit an award of attorney's fees. Accordingly, we deny the plaintiff's request for attorney's fees. As the prevailing party, however, the plaintiff may file a request for taxation of costs as provided in Rule 23.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and CONBOY, JJ., concurred.