**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0500, <u>In the Matter of Christine Hodorowski and Tawfic Hakim</u>, the court on April 14, 2016, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Christine Hodorowski, appeals the final decree entered in her divorce from the respondent, Tawfic Hakim. On appeal, she argues that the Circuit Court (<u>Tenney</u>, J.) erred by failing to: (1) "adequately and equitably weigh the relative credibility of the parties"; (2) "equitably apportion" their assets given the statutory factors and "the credibility and candor of the parties in their testimony"; and (3) "equitably assign payment of attorney's fees." We affirm.

We afford trial courts broad discretion in determining matters of property distribution when fashioning a final divorce decree. <u>In the Matter of Crowe & Crowe</u>, 148 N.H. 218, 221 (2002). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. Moreover, we defer to the trial court on matters such as "resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." <u>In the Matter of Sawyer & Sawyer</u>, 161 N.H. 11, 18 (2010). "If the court's findings can reasonably be made on the evidence presented, they will stand." <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 36 (2002). We, similarly, defer "to a trial court's decision on attorney's fees, and will not overturn it absent an unsustainable exercise of discretion." <u>Rabbia v. Rocha</u>, 162 N.H. 734, 740 (2011) (quotation omitted).

As the appealing party, the petitioner has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
