# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0661, <u>In the Matter of Robert Raymond and Kazuko Raymond</u>, the court on April 15, 2016, issued the following order:**

Having considered the brief filed by the respondent, Kazuko Raymond, the memorandum of law filed by the petitioner, Robert Raymond, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent appeals the parties' final divorce decree recommended by a Marital Master (<u>Rein</u>, M.) and approved by the Circuit Court (<u>Patten</u>, J.).

We afford trial courts broad discretion in determining matters of property distribution and alimony when fashioning a final divorce decree. <u>In the Matter of Crowe & Crowe</u>, 148 N.H. 218, 221 (2002). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. Moreover, we defer to the trial court on matters such as "resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." <u>In the Matter of Sawyer & Sawyer</u>, 161 N.H. 11, 18 (2010). "If the court's findings can reasonably be made on the evidence presented, they will stand." <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 36 (2002).

In his memorandum of law, the petitioner urges us to affirm the trial court because the respondent has not developed her arguments in which she purports to challenge the divorce decree, has not demonstrated that she preserved any of her appellate arguments for our review, and has not provided this court with a sufficient record to decide her appeal issues. We agree with the petitioner.

"[I]n the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." <u>Douglas v. Douglas</u>, 143 N.H. 419, 429 (1999) (citation omitted). Although we understand that the respondent is self-represented in this proceeding, we hold self-represented parties to the same procedural rules that govern parties represented by counsel. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006).

Moreover, as the appealing party, the respondent has the burden of providing this court with a record sufficient to decide her issues on appeal, as well as to demonstrate that she raised her issues before the trial court. <u>Bean v.</u>

<u>Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  Without a transcript of the hearing, we must assume that the evidence was sufficient to support the result reached by the trial court.  <u>Id</u>.  Our review in such a case is limited to legal errors that are apparent on the face of the record.  <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396-97 (1997).  Because the respondent has not developed any appellate argument demonstrating that the trial court's decree is legally erroneous, we affirm.  In light of our decision, the petitioner's motion to strike the respondent's reply brief is moot.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
