# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0081, <u>In the Matter of Carol Perkins and Warner Knowles</u>, the court on March 1, 2018, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The husband, Warner Knowles, appeals the final divorce decree entered by the Circuit Court (<u>Gorman</u>, J.) in his divorce from the wife, Carol Perkins. We affirm.

We afford trial courts broad discretion in determining matters of property distribution and alimony when fashioning a final divorce decree. <u>In the Matter of Crowe & Crowe</u>, 148 N.H. 218, 221 (2002). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. Moreover, we defer to the trial court on matters such as "resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." <u>In the Matter of Sawyer & Sawyer</u>, 161 N.H. 11, 18 (2010). "If the court's findings can reasonably be made on the evidence presented, they will stand." <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 36 (2002).

On appeal, the husband argues that the trial court erred by dividing his deferred compensation plan without using the formula we set forth in <u>Hodgins v. Hodgins</u>, 126 N.H. 711 (1985). In <u>Hodgins</u>, we established a formula for equitably apportioning retirement benefits when the actual and contingent values of such benefits are unascertainable. <u>In the Matter of Taber-McCarthy & McCarthy</u>, 160 N.H. 112, 117 (2010). "The <u>Hodgins</u> formula calculates a percentage to be paid to an employee's former spouse by dividing the number of months the employee was employed during the marriage and before divorce commenced by the total number of credits the employee will have earned toward the retirement benefit as of the date benefits commence and awarding half of this amount to each spouse." <u>Id</u>. "The <u>Hodgins</u> formula is designed to help trial courts avoid the problem of valuation when it is impossible to determine the value of the retirement benefit at the time of divorce." <u>Id</u>. The formula is not required when the value of the retirement benefit is ascertainable. <u>Id</u>.

Although the record submitted on appeal is incomplete, it suggests that the value of the husband's retirement benefit was ascertainable. The husband testified that as of May 2016, the value of his account was approximately $274,210.

In any event, the husband has failed to provide a record demonstrating that he ever argued before the trial court that the <u>Hodgins</u> formula applied. As the appealing party, the husband has the burden of providing this court with a record that demonstrates that he raised his appellate issues before the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). We decline to address the husband's argument on appeal because he has failed to demonstrate that he preserved it for our review.

We decline to address the husband's remaining appellate arguments for the same reason. To the extent that the husband could not have raised those arguments until after the trial court issued its final decree, it was incumbent on him to raise them in a motion to reconsider. The trial court must have had the opportunity to consider any issues asserted by the husband on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court before it issued the final divorce decree must have been presented to it in a motion for reconsideration. <u>See</u> <u>LaMontagne Builders v. Bowman Brook Purchase Group</u>, 150 N.H. 270, 274 (2003); <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002). The record submitted on appeal does not contain such a motion.

<u>Affirmed</u>.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

2