# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0551, <u>Scott Eaton v. Carin Hallum White & a.</u>, the court on June 20, 2018, issued the following order:**

We treat the defendants' "Response to Receiving Mr Eaton's 'brief'" as a reply brief; the plaintiff's "Response to Defendant's Briefs: Motion to Dismiss," which we construe as a motion to strike the reply brief, is denied. Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm. In light of our decision, the plaintiff's motions to: (1) transfer exhibits; (2) add the court's file in Case No. 2016-0434; and (3) add photographs, are moot.

Following our order in <u>Eaton v. White</u>, No. 2016-0434, 2017 WL 1367225 (N.H. Feb. 15, 2017), the Circuit Court (<u>Greenhalgh</u>, J.), after a trial on the merits, entered judgment for the plaintiff, Scott Eaton, in the amount of $7,500 plus costs and interest. On appeal, the defendants, Carin White and Matt White, argue that the trial court erred by: (1) denying them an opportunity to participate in mediation, contrary to RSA 503:1, IV (2010) and District Division Rule 4.12(b); (2) depriving them of a fair opportunity to prepare a defense and to respond to the plaintiff's claims; and (3) finding the plaintiff's evidence to be legally sufficient to support the judgment. They also argue that the trial judge was biased against them.

The trial court has broad discretion in managing the proceedings before it. <u>In the Matter of Sawyer & Sawyer</u>, 161 N.H. 11, 18 (2010). We review the trial court's rulings under our unsustainable exercise of discretion standard. <u>Id</u>. It was within the trial court's discretion to resolve conflicts in the testimony, measure the credibility of witnesses, and determine the weight to be given evidence. <u>Despres v. Hampsey</u>, 162 N.H. 398, 405 (2011). We will affirm the trial court's findings if a reasonable person could have made such findings based upon the evidence presented. <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).

It is the defendants' burden as the appealing parties to provide this court with a record sufficient to decide their issues on appeal, as well as to demonstrate that they raised their issues in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).

The defendants have failed to provide us with a transcript of the hearing to allow us to decide their issues on appeal, and to demonstrate that they raised their issues in the trial court. Absent a hearing transcript, we assume that the evidence supported the court's decision, see Bean, 151 N.H. at 250, and review its order for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997). Accordingly, the defendants have failed to establish that the trial court deprived them of an opportunity to prepare a defense, or that its judgment was not supported by the evidence or was contrary to the weight of the evidence. Nor have the defendants established that the trial court denied them an opportunity to participate in mediation, or that they raised this issue in the trial court on remand.

The defendants have failed to demonstrate that the trial court was biased against them. Opinions formed by the trial judge based upon facts that were introduced at the hearing or events that occurred in other proceedings do not ordinarily provide a basis to challenge the judge's impartiality. In the Matter of Tapply & Zukatis, 162 N.H. 285, 297 (2011). We cannot conclude, based upon the record provided, that a reasonable person would have questioned the judge's impartiality or that any factors were present that would have per se disqualified him from participating in this case. See State v. Bader, 148 N.H. 265, 268-71 (2002).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2