# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2017-0647, <u>Salmon Properties, LLC v. Michael Herpst & a.</u>, the court on November 16, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  The defendants, Michael Herpst and Myla Randall (tenants), appeal an order of the Circuit Court (<u>Ashley</u>, J.) granting judgment to the plaintiff, Salmon Properties, LLC (landlord), in this possessory action for non-payment of rent.  The trial court found that the tenants had failed to pay rent in July and August 2017 and "did not establish they gave written notice to the landlord at a time when they were not in arrears, nor that any such notice satisfied the terms of RSA 540:13-d."  We affirm.

We will uphold the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law.  <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 66 (2012).  The trial court was in the best position to evaluate the evidence, measure its persuasiveness, and assess the credibility of the witnesses, and we defer to its judgment on such issues.  <u>Id</u>. at 66-67.  As the fact finder, the trial court was entitled to accept or reject, in whole or in part, the testimony of any party and was not required to believe even uncontroverted evidence.  <u>Id</u>. at 67.  We review questions of law <u>de novo</u>.  <u>Miller v. Slania Enters.</u>, 150 N.H. 655, 659 (2004).

The tenants first argue that the trial court "incorrectly interpreted RSA 540:13-d (2007) as requiring <u>written</u> notice to the landlord of violations of the premises."  We review the trial court's statutory interpretation <u>de</u> <u>novo</u>.  <u>Appeal of Local Gov't Ctr.</u>, 165 N.H. 790, 804 (2014).  "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole."  <u>Id</u>.  "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning."  <u>Id</u>.  "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include."  <u>Id</u>.

RSA 540:13-d, I, provides that "[n]o action for possession based on non[-]payment of rent" may be maintained with respect to residential premises "if such premises are in substantial violation of the standards of fitness for health and safety" and "such violation materially affects the habitability of said

premises," provided that, among other requirements, the tenant proves by clear and convincing evidence that: (1) "while not in arrears in rent, he provided notice of the violation to the person to whom he customarily pays rent"; and (2) "[t]he landlord failed to correct the violations within 14 days of the receipt of such written notice or, in an emergency, as promptly as conditions require." (Emphasis added.) As the plain language of the statute requires that the notice be in writing, we conclude that the trial court's interpretation of RSA 540:13-d was not erroneous.

The tenants next assert that the trial court erred when it found that there was no evidence that they furnished written notice to the landlord when they were not in arrears. They argue that they provided a list of needed repairs to the landlord in April 2017, which they contend sufficed as the written notice required by RSA 540:13-d. However, the evidence before the trial court was conflicting as to the content of the April 2017 notice. The landlord testified that the list of repairs was for "little things, like door frames" and that the tenants paid rent through June 2017. The tenants' witness testified that he observed them writing a list of repairs on an envelope and that those repairs related to mold and electricity. Based upon this record, the trial court reasonably could have found that the April 2017 list did not comply with RSA 540:13-d.

The tenants next contend that their "due process rights under NH rule of Due Process Conduct, Rule 3.7 '2.3'" were violated because "they intended on calling [the landlord's attorney] as a witness." We decline to consider the merits of this argument because it is insufficiently briefed for our review. See Keenan v. Fearon, 130 N.H. 494, 499 (1988) (explaining that "off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration). We observe that, at the hearing, the tenants conceded that they received both the demand for rent and eviction notice on August 14, the issues allegedly involving the attorney's testimony.

The tenants next assert that the trial court erred because the landlord's testimony was "granted without proof." To the extent that the tenants intend this as a challenge to the trial court's credibility determinations, we reiterate that we defer to the trial court's judgment on such issues. See Vincent v. MacLean, 166 N.H. 132, 134 (2014).

The tenants next contend that they were "denied their right to cure rent before trial." To the extent that the tenants intend this as an assertion that they were entitled to a stay under RSA 540:13-c (Supp. 2017), we disagree. Such stays are discretionary. Nothing in RSA 540:13-c requires a trial court to grant one. To the extent that the tenants intend by this assertion to argue that they were entitled to the process set forth in RSA 540:13-d, II, we disagree. Given that we have upheld the trial court's finding that the tenants failed to

2

provide the notice required by RSA 540:13-d, I, we conclude that they were not entitled to the process set forth in RSA 540:13-d, II.

Finally, the tenants argue that the trial court erred by denying their request for a continuance. "The trial court has broad discretion in managing the proceedings before it." In the Matter of Sawyer & Sawyer, 161 N.H. 11, 18 (2010) (quotation omitted). We review the trial court's denial of the tenants' request for a continuance under our unsustainable exercise of discretion standard. See id. Based upon our review of the record, we cannot say that the trial court unsustainably exercised its discretion by denying the tenants' request for a continuance.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3