**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0320, <u>In the Matter of Michael Babineau and Jill Babineau</u>, the court on August 11, 2022, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). The petitioner, Michael Babineau (husband), appeals the order of the Circuit Court (<u>Leonard</u>, J.) granting the motion for contempt filed by the respondent, Jill Babineau (wife). The husband argues that the trial court erred in: (1) not finding the wife's claim to be barred by res judicata; (2) proceeding by offers of proof; (3) finding that his financial circumstances had changed since the prior contempt hearing; and (4) having a judge other than the hearing judge rule on his motion for reconsideration. We affirm.

The husband first argues that the wife's motion was barred by res judicata. On March 8, 2021, the wife moved for contempt against the husband for failing to pay alimony, child support, and other arrearages that had accrued since April 1, 2019. The husband argues that res judicata applied to her claim, at least in part, because his inability to pay arrearages that had accrued from April 1, 2019 to February 24, 2020 had already been decided by the March 18, 2020 order of the Circuit Court (<u>Sadler</u>, J.) denying the wife's prior contempt motion, in which the court found that he "cannot pay the amounts due." We disagree. The relevant issue at each contempt hearing was whether the husband had a "<u>present</u> ability to make payments on the arrearage[s]." <u>McCrady v. Mahon</u>, 117 N.H. 762, 763 (1977) (emphasis added). The trial court's finding that on March 18, 2020, he had no ability to pay arrearages that had accrued from April 1, 2019 to February 24, 2020 did not preclude its finding that on April 8, 2021, more than one year later, he was able to pay arrearages that had accrued from April 1, 2019 to April 8, 2021. <u>See id</u>.; <u>see also</u> <u>Sleeper v. Hoban Family P'ship</u>, 157 N.H. 530, 533 (2008) (applicability of res judicata is a question of law that we review <u>de novo</u>).

The husband next argues that the trial court, in proceeding by offers of proof, over his objection, and by denying him an evidentiary hearing on the wife's motion, deprived him of due process of law under the state and federal constitutions. The trial court scheduled a 30-minute hearing on the wife's motion. Nothing in the record shows that the husband requested additional time prior to the hearing. At the hearing, the husband did not dispute the amount of arrearages, and he admitted that he had sufficient assets from his share of the marital estate to pay them. He failed to explain to the trial court

why an evidentiary hearing was necessary or how it could result in a different outcome. The husband cannot prevail on a due process claim absent a showing of actual prejudice. In the Matter of Sawyer & Sawyer, 161 N.H. 11, 17 (2010). We conclude that the husband has failed to show a due process violation because he has not shown actual prejudice. See id.

We reject the husband's assertion that the trial court "tricked" him into believing that it would schedule an evidentiary hearing. During the hearing, the court advised his attorney that, "when we get to the contempt we can . . . talk about how long you're going to need because we'll have to schedule that." However, later in the hearing, when husband's attorney stated, "I think the Court should schedule this for at least a two-hour hearing and we can be heard on these things," the court responded, "I've heard all the arguments back and forth, I feel I'm in a position to issue an order." Based upon this record, we cannot conclude that the trial court "tricked" the husband into believing that it would hold an evidentiary hearing before issuing its order.

The husband next argues that the trial court erred in failing to inquire as to his ability to pay. On February 26, 2021, more than one month prior to the contempt hearing, this court affirmed the final divorce decree which, as the wife noted and the trial court found, meant that his share of the marital assets had become available to pay his arrearages. While the husband is correct that child support must be determined based upon income, not assets, see In the Matter of Plaisted & Plaisted, 149 N.H. 522, 525 (2003), he provides no authority for his position that arrearages must be paid with income.

Finally, the husband argues that it was error for a judge other than the judge who presided at the hearing to rule on his motion for reconsideration. Assuming, without deciding, that the husband preserved this issue for review, but see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (parties may not have review of matters not raised in trial court), the husband acknowledges that, by the time he moved for reconsideration, the hearing judge had been nominated to the Superior Court. The husband provides no persuasive authority for his position that the hearing judge must be the judge who rules on a motion for reconsideration under these circumstances. We decline the husband's invitation to adopt a rule that would apply in this situation.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2