**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0463, <u>C.B. v A.K.</u>, the court on February 24, 2023, issued the following order:**

In accordance with this court's order of August 25, 2022, having received no objection from the plaintiff, no part of the file in this case is confidential. Accordingly, the defendant's motion to unseal is moot as to the record on appeal. The defendant's request that we exercise our supervisory authority to order the trial court to unseal its case file in the underlying matter is denied. He has not identified the parts of the trial court's file that have been sealed or addressed the basis for any confidentiality order issued in the trial court.

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, A.K., appeals the order of the Circuit Court (<u>Boyle</u>, R., approved by <u>Keating</u>, J.), following a hearing, granting a domestic violence final order of protection to the plaintiff, C.B. <u>See</u> RSA 173-B:5 (2022). The defendant argues that: (1) the order is unconstitutionally vague and overbroad, violating his right to due process; (2) the finding of harassment is unconstitutional and unsupported by the evidence; (3) the court considered conduct too remote in time; (4) the court's findings were contrary to the weight of the evidence; (5) the evidence was insufficient to support a finding that his conduct constitutes a credible present threat to the plaintiff's safety; and (6) the court erroneously denied his motion for reconsideration before an objection was filed and without issuing a narrative order. We affirm.

At the hearing, the plaintiff testified that, approximately six or seven years earlier, the defendant "punched [her] in the mouth in front of [her] daughter." She testified that more recently, when the defendant temporarily relocated to another state, there were "several instances of phone harassment." She testified that the defendant, since returning to this area, "has made vague threats." She testified that he "blows up [her] phone through phone calls [and] text messages," in one instance calling her phone "300 times between the hours of 3 and 11:00." On the day before she sought the restraining order, "he called in excess of almost 80 times in about 30 minutes." She also testified that the defendant "has no reason to contact [her] phone" because "he has a direct line of communication" with the parties' child, and that she has asked him to use email in any communication with her regarding the child.

The plaintiff testified that, "this last time," the defendant "threatened to grab one of [her children] by the effing throat." She testified, "I'm very nervous

that it's going to escalate to the point where he's going to show up to my job, or be waiting for me outside when I get out of work at night, or he's going to be in my driveway when I get home." In a recent text message to the plaintiff, the defendant stated, "This is not going to end happy for you."

The defendant testified that the plaintiff "interfered with [his] parenting time," and that "all these instances where I called her phone a million times was to get in touch with my son." He testified that he did not recall ever hitting the plaintiff, and that he "didn't threaten to choke anybody."

When the court asked the defendant if the plaintiff's allegation that he "repeatedly called her dozens of times within a matter of minutes" is true, he answered, "Yes, Your Honor, it is." The defendant also admitted that "there's many times where there was phone calls, lots of phone calls," and that "there was a couple instances where [he] had called the police to do a welfare check."

The defendant first argues that the trial court's temporary and final protective orders are "unconstitutionally or impermissibly vague" and "unconstitutionally overbroad" under "either the state or federal constitution" because the court did not specify the type of assault or reckless conduct it found him to have committed. He also argues that the orders violate "federal due process" because they do not adequately describe the offense he committed or the conduct that they prohibit.

As an initial matter, we note that, to the extent that the defendant is challenging the temporary order, his issues are moot because the temporary order no longer remained in effect once the court issued its final order. See Londonderry Sch. Dist. v. State, 157 N.H. 734, 736 (2008) (explaining that a matter becomes moot when it no longer presents a justiciable controversy). In addition, we have held that judicial review is not warranted for complaints, without developed legal argument, regarding adverse rulings, and that neither passing reference to constitutional claims nor casual invocations of constitutional rights without support by legal argument or authority warrant extended consideration. Anna H. Cardone Revocable Trust v. Cardone, 160 N.H. 521, 526 (2010). We conclude that the defendant's constitutional issues are insufficiently developed to warrant review. See id.; see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

Moreover, we note that the plaintiff, to obtain relief under RSA chapter 173-B, must show "abuse" by a preponderance of the evidence. S.C. v. G.C, 175 N.H. 158, 163 (2022). "Abuse" is defined in RSA 173-B:1, I, as "the commission or attempted commission of one or more [of certain enumerated crimes] by a family or household member or by a current or former sexual or

intimate partner, where such conduct is determined to constitute a credible present threat" to the plaintiff's safety. RSA 173-B:1, I (2022).

In this case, the court found that the defendant committed "[a]ssault or reckless conduct as defined by RSA 631:1 through RSA 631:3," "[c]riminal threatening as defined in RSA 631:4," and "[h]arassment as defined in RSA 644:4." The court made specific findings as to the defendant's conduct constituting such abuse. We have not held that the trial court must specify the type of "[a]ssault or reckless conduct" that the defendant committed. Even assuming, without deciding, that such specificity was required, we conclude that the defendant has failed to show how he was prejudiced. See In the Matter of Sawyer & Sawyer, 161 N.H. 11, 17 (2010) (defendant cannot prevail on due process claim absent showing of actual prejudice). Accordingly, we find no error. See id.

The defendant next argues that the court's finding that he committed harassment is "unconstitutionally or impermissibly overbroad under either the state or federal constitution." We conclude that the defendant's constitutional argument is insufficiently developed to warrant review. See Anna H. Cardone Revocable Trust, 160 N.H. at 526. The defendant also argues that the court erred in finding that he committed harassment by calling the plaintiff with "no legitimate communicative purpose." The trial court did not state that the defendant called the plaintiff with no legitimate communicative purpose. We note that harassment may consist of "repeated communications at extremely inconvenient hours or in offensively coarse language with a purpose to annoy or alarm another." RSA 644:4, I(b) (2016). The court found that the defendant made "repeated phone calls," that he left "messages after being told to stop," that he "threatened assault," and that he threatened to "grab someone by the f**king throat." The court also found that the defendant "repeatedly call[ed] police for 'welfare checks' to harass [the] plaintiff." We conclude that the evidence was sufficient to support the court's finding that the defendant committed harassment as defined in RSA 644:4, I(b).

The defendant next argues that the trial court erred in finding that he "punched [the] plaintiff in the mouth" because such conduct was too remote in time. "The court may consider evidence of such acts, regardless of their proximity in time to the filing of the petition, which, in combination with recent conduct, reflects an ongoing pattern of behavior which reasonably causes or has caused the petitioner to fear for his or her safety or well-being." RSA 173-B:1, I. Although the plaintiff testified that the defendant punched her in the mouth "approximately six, seven years ago," the trial court found that the assault, in combination with the defendant's recent threat that, "When I get there I'll grab someone by the f**king throat," reasonably caused the plaintiff to fear for her safety. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in considering the evidence of the assault. See In the Matter of McArdle & McArdle, 162 N.H. 482 485 (2011)

3

(applying unsustainable exercise of discretion standard to trial court's evidentiary rulings).

The defendant also argues that the court's finding that he assaulted the plaintiff is contrary to the weight of the evidence. Although the defendant may have disputed the plaintiff's testimony, and offered contrary testimony, we have consistently held that conflicts in testimony, questions about the credibility of witnesses, and the weight assigned to evidence are matters for the trial court to resolve. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). We will not disturb the trial court's determination unless no reasonable person could have come to the same conclusion. Id. Based upon this record, we conclude that a reasonable person could have found that the defendant assaulted the plaintiff. See id.

The defendant next argues that the evidence was insufficient to support a finding that his conduct constituted a present credible threat to the plaintiff's safety. We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or erroneous as a matter of law. Fisher v. Minichiello, 155 N.H. 188, 190 (2007). The trial court found that the defendant's assault, in combination with his recent threat, reasonably caused the plaintiff to fear for her safety. We conclude that the evidence was sufficient to support the court's finding. See id.

The defendant next argues that the trial court erred in denying his motion for reconsideration before an objection was filed and without issuing a narrative order. "We will uphold a trial court's decision on a motion for reconsideration absent an unsustainable exercise of discretion." Walker v. Walker, 158 N.H. 602, 607 (2009) (quotation omitted). A party opposing a motion for reconsideration need not file a written objection, see Fam. Div. R. 1.26(F), and the trial court, in ruling on reconsideration, is not required to issue a narrative order, see In the Matter of Kamil & Kamil, 173 N.H. 424, 442 (2020). Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in denying the defendant's motion for reconsideration. See Walker, 158 N.H. at 607.

Finally, the defendant raises numerous issues regarding other cases, both criminal and civil, which we need not address because they are beyond the scope of this appeal. As previously noted, any issues regarding the court's temporary order in this case are moot. See Londonderry Sch. Dist. v. State, 157 N.H. at 736. To the extent that the defendant raises additional arguments

4

in his brief, we conclude that they are inadequately developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), and warrant no further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
