# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0120, <u>K.C. v. D.V.</u>, the court on June 5, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, D.V., appeals a domestic violence final order of protection, <u>see</u> RSA 173-B:5, I (2022), issued by the Circuit Court (<u>Cabrera</u>, J.), following a hearing on the merits, in favor of the plaintiff, K.C. The defendant argues that the evidence was insufficient to support the finding that he engaged in "abuse," <u>see</u> RSA 173-B:1, I (2022), that the trial court erred by crediting certain testimony and not crediting other testimony, and that the trial court deprived him of his rights to due process, free speech, and to produce all favorable proof under the State and Federal Constitutions. We affirm.

To obtain relief under RSA chapter 173-B, a plaintiff is required to prove, by a preponderance of the evidence, that the defendant engaged in "abuse." <u>S.C. v. G.C.</u>, 175 N.H. 158, 163 (2022). A finding of "abuse" requires proof that the defendant, who is a family or household member or a current or former sexual or intimate partner of the plaintiff, committed or attempted to commit one or more statutorily enumerated criminal acts, and that such conduct constitutes "a credible present threat to the [plaintiff's] safety." RSA 173-B:1, I; <u>see</u> <u>S.C.</u>, 175 N.H. at 163. The trial court "may consider evidence of such acts, regardless of their proximity in time to the filing of the petition, which, in combination with recent conduct, reflects an ongoing pattern of behavior which reasonably causes or has caused the [plaintiff] to fear for his or her safety or well-being." RSA 173-B:1, I.

In issuing a protective order under RSA 173-B:5, the trial court is required to make a specific finding as to the criminal conduct engaged in by the defendant that constitutes the abuse. <u>See</u> <u>Fisher v. Minichiello</u>, 155 N.H. 188, 193 (2007); <u>Fillmore v. Fillmore</u>, 147 N.H. 283, 285 (2001). On appeal, the trial court's findings of fact are final, and we engage in <u>de novo</u> review of questions of law raised by the appealing party. RSA 173-B:3, VI (2022); <u>S.C.</u>, 175 N.H. at 162. We review sufficiency of the evidence claims as a matter of law, and will uphold the trial court's findings and rulings unless they lack evidentiary support or are tainted by error of law. <u>S.C.</u>, 175 N.H. at 162. We view the evidence in the light most favorable to the prevailing party, here, the

plaintiff, deferring to the trial court's judgment in evaluating the credibility of the witnesses and the weight of the evidence presented. Id. at 162-63.

It is the defendant's burden to provide a record on appeal that is sufficient to decide the issues raised, and to establish that the defendant raised those issues in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Absent a transcript, we assume that the evidence was sufficient to support the trial court's decision, and we review its order for errors of law appearing on the face of the order only. Id.; Atwood v. Owens, 142 N.H. 396, 396-97 (1997). In this case, the defendant has not provided a transcript of the hearing on the merits. Accordingly, we assume that the evidence offered at trial was sufficient to support the trial court's findings of abuse. Bean, 151 N.H. at 250. To the extent the defendant argues that the trial court failed to make specific findings of fact relative to the abuse, we have reviewed the trial court's order, and conclude that its findings relative to the abuse are sufficiently specific to satisfy the statute. See Fisher, 155 N.H. at 193; Fillmore, 147 N.H. at 285. Because we find no error of law appearing on the face of the trial court's order, see Atwood, 142 N.H. at 396-97, we affirm its decision to issue the protective order.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2